In the Matter of CANUP MECHANICAL, INC., Bankrupt.

Richard PALMER, Trustee, Plaintiff,

v.

W. Allen MORFORD, Defendant.

Bankruptcy No. 78–693–Orl–P.

United States Bankruptcy Court,
M. D. Florida,
Orlando Division.

Dec. 20, 1979.

Jules S. Cohen, Orlando, Fla., for plaintiff.

Edwin D. Davies, II, Daytona Beach, Fla., for defendant.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Bankruptcy Judge.

This is an adversary proceeding commenced by a complaint filed by the trustee, Richard Palmer, against the defendant, W. Allen Morford. The complaint was filed pursuant to § 60b of the Bankruptcy Act and seeks to avoid a transfer of property to the defendant by the bankrupt, Canup Mechanical, Inc., which is allegedly a voidable preference under § 60b of the Bankruptcy Act. The matters presently under consideration are the Motion for Summary Judgment filed by the defendant and the Motion for Partial Summary Judgment filed by the trustee which relate to the question of the

effective date of the transfer. The facts relevant to this controversy are undisputed and can be briefly summarized as follows:

During the month of June, 1978, but before June 14, 1978, the bankrupt delivered a 1973 Ford pick-up truck to the defendant's father's house in Daytona Beach, Florida. Sometime prior to June 20, 1978, the defendant, who was then living in Virginia, received through the mail, a Florida Vehicle Certificate of Title for the truck in the name of the bankrupt which was endorsed over to the defendant by the president of the bankrupt corporation. The defendant did not apply for the issuance of a certificate of title in his name with the Florida Department of Highway Safety and Motor Vehicles for three months and, therefore, a certificate of title in the name of the defendant was not issued until September 13, 1978.

On October 20, 1978, the bankrupt filed a petition in bankruptcy with this court. On December 20, 1978, the trustee filed a complaint against the defendant seeking to set aside the transfer of the truck to the defendant on the grounds that it was a voidable preference within the meaning of § 60a of the Bankruptcy Act. The defendant subsequently filed a Motion for Summary Judgment alleging that the truck was transferred to the defendant in June which was more than four months preceding the filing of bankruptcy and that the transfer is not a voidable preference as a matter of law. The plaintiff, in turn, filed a Motion for Partial Summary Judgment on the question of the date of transfer of the truck alleging that it did not occur under Florida law and within the meaning of § 60a of the Bankruptcy Act until the certificate of title was issued in the defendant's name on September 13, 1978, which was within four months of bankruptcy.

A preferential transfer is defined by § 60a(1) of the Bankruptcy Act which provides in pertinent part as follows:

"A preference is a transfer . . . of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing . . . of the petition . . . under this Act, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class."

Since the effective date of the transfer is the only matter presently under consideration, § 60a(2) is crucial to the instant controversy. § 60a(2) provides in pertinent part as follows:

" . . . a transfer . . . shall be deemed to have been made . . . at the time when it became so far perfected that no subsequent lien upon such property . . . could become superior to the rights of the transferee. . . ."

■ Accordingly, the perfection of an interest in the property of a bankrupt is to be determined by state law, but the *time* of the transfer is determined by Federal law. *E. F. Corp. v. Smith*, 496 F.2d 826 (10th Cir. 1974).

Although the defendant, during the period of time in question, had possession of the truck and the endorsed certificate of title in the bankrupt's name, under Florida law, a creditor of the bankrupt relying upon the record state of title, could have obtained a writ of execution which would have become a lien on the truck upon deliverance of the writ to the sheriff. *Bank of Hawthorne v. Shepard*, 330 So.2d 75 (1st Dist.Ct.App. 1976); *Evins v. Gainesville National Bank*, 80 Fla. 84, 85 So. 659 (1929); *Love v. Williams*, 4 Fla. 126 (1851).

Therefore, the basic issue in this case is whether, under Florida law, an execution lien creditor of the former owner of a motor vehicle could prevail over a new owner who had not yet obtained a certificate of title in his name, despite possession of the old owner's assigned certificate of title.

Pertinent Florida statutes relating to the purchase and sale of used motor vehicles are:

§ 319.22 Transfer of Title.

(1) . . . no person acquiring a motor vehicle from the owner thereof . . .

shall acquire marketable title in or to said vehicle until he, she, or it shall have had issued to him, her or it a certificate of title to said motor vehicle . . . no court in any case at law or in equity shall recognize the right, title claim or interest of any person in or to any such motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by and on a certificate of title duly issued in accordance with the provisions of this law."

§ 319.23 Application for and Issuance of Certificate.

(1) Application for a certificate of title . . . shall be filed with [the department of highway safety and motor vehicles] . . . and if a certificate of title has previously been issued for such motor vehicle in this state, shall be accompanied by said certificate of title duly assigned, or assigned and reassigned . .

(5) . . . In all cases of transfer of motor vehicles the application for certification of title, or corrected certificate or assignment or reassignment, shall be filed within ten days from the delivery of such motor vehicle.

The defendant cites *Stroman v. Orlando Bank and Trust Company*, 239 So.2d 621 (Fla.Dist.Ct.App.1970), as authority for the proposition that the defendant's interest in the truck after he took possession but prior to obtaining a certificate of title in his name was such that no subsequent lien could become superior to his interest. However, the facts, in *Stroman*, supra, are distinguishable from the instant case. In *Stroman*, supra, a used car dealer sold an automobile to a purchaser who took possession of the car but relied upon the dealer to process the title certificate, which is the dealer's duty under Florida Statute 319.23. Instead of applying to the state for the issuance of a certificate of title in the purchaser's name, the dealer took the certificate to a bank, obtained a loan and granted the bank a security interest in the car. The Court in *Stroman*, supra, held that the attempt of the dealer to create a lien in favor of the bank was a nullity under the general principle that "no one can confer a better

title than he has in personal property, unless some principle of estoppel operates to bar a claim under an otherwise better title". *Stroman*, supra. The Court found no basis for an estoppel against the purchaser for not obtaining a certificate of title as "[h]e did what any prudent buyer would have done" when he relied upon the dealer to secure the proper transfer of title which is by law the dealer's duty.

In the instant case, however, it was the defendant's duty under Florida Statute 319.23, to apply for the issuance of a certificate of title in his name within ten days of delivery of the truck. Therefore, he did not act prudently when he did not obtain a certificate of title in his name until three months later.

Accordingly, unlike the situation in *Stroman*, supra, where there was no basis for estoppel because the purchaser justifiably relied upon the dealer to secure the proper transfer of title, there is a basis for estoppel in the instant case against the defendant for his unjustifiable failure to obtain a certificate of title in his name.

The case of *Joel Strickland Enterprises, Inc. v. Atlantic Discount Co., Inc.*, 137 So.2d 627 (Fla.Dist.Ct.App.1962) is also relevant to the instant case. In *Strickland*, supra, a used car dealer sold two cars under conditional sales contracts and the contracts were assigned to Atlantic Discount Co. (Atlantic). At the time of the sale, the dealer had title certificates which had been assigned to him in blank. Although the dealer told Atlantic and the buyers he would apply for new certificates of title noting Atlantic's lien, he failed to do so and instead sold the cars to Joel Strickland Enterprises, Inc. (Strickland). The Court held that Atlantic had no right to rely upon the dealer to see that its lien was properly noted on the certificate of title and that since Atlantic had the power to require the dealer to assign his title to it but failed to do so, it thereby afforded the dealer the opportunity to commit his fraud. Therefore, "where one of two innocent parties must suffer because of the wrongdoing of a

third party the loss must fall on the party who by his conduct created the circumstances which enabled the third party to perpetrate the wrong". The decision in *Strickland*, supra, thereby emphasizes the importance the State of Florida places on the record state of title and on the duty to obtain title. The decision additionally stands for the proposition that where a party has the power to obtain a title certificate and does not do so, he is responsible for the consequences of his negligence.

 In light of the foregoing cases and in light of the express language of Florida Statute 319.22 which provides that a purchaser does not acquire marketable title to a motor vehicle until he has had issued to him a certificate of title and that "no court . . . shall recognize the right, title, claim or interest of any person in or to any such motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by and on a certificate of title duly issued", this court finds that an execution lien creditor of the bankrupt could have obtained a lien superior to the rights of the defendant up until September 17, 1978, when the defendant obtained a certificate of title in his name from the Department of Highway Safety and Motor Vehicles. Accordingly, the automobile was not "transferred" within the meaning of § 60a(2) of the Bankruptcy Act until September 13, 1978, which date is within four months before the filing of the bankrupt's petition.

Since there are no genuine issues of material fact as to the question of the effective date of transfer, this Court, governed by the legal principles discussed herein, finds that the plaintiff is entitled to partial summary judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the plaintiff's Motion for Partial Summary Judgment, be and the same is hereby granted in that this Court determines that the date of transfer within the meaning of § 60a(2) of the Bankruptcy Act was September 13, 1978. It is further

ORDERED, ADJUDGED AND DECREED that the defendant's Motion for Summary Judgment, be and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the pre-trial conference in this adversary proceeding shall be held before the undersigned on January 2, 1980 at 4:15 p. m. in Room 597, Federal Court House, 80 North Hughey, Orlando, Florida at which time the parties shall come prepared to admit undisputed facts and file such other stipulation(s) which may facilitate an expeditious disposition of this adversary proceeding.