**In re Timmy Ray & Catrina Kaye EMRICK, Debtors.**

**Irving E. GENNET, Trustee, Plaintiff,**

v.

**Martin & Joan LINDHOLM, Defendants.**

**Bankruptcy No. 88–01621–BKC–TCB. Adv. No. 88–0576–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Feb. 10, 1989.

Furr and Cohen, P.A., Boca Raton, Fla., for plaintiff/trustee.

Don Pickett, Via Jardin, West Palm Beach, Fla., for defendants.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The trustee seeks the avoidance under 11 U.S.C. §§ 547(b) and 550 of the debtors' transfer of a 1957 Thunderbird to the defendants, parents of the debtor wife. The defendants have answered and the matter was tried on January 24.

I conclude that this transfer occurred April 26, 1988 and was, therefore, an avoidable preference, and that the trustee is entitled to its recovery.

The facts, as distinct from the legal consequences of those facts, are relatively sim-

ple and are not in significant dispute. The debtor wife embezzled money from her employer. When she was caught, her parents gave her a check for $13,000 so she could make partial restitution. That check was not a loan, but was payment, to the extent of about $500, for the purchase of:

"antiques, household items, jewelry, and collectables [sic]"

as noted originally on the check (Ex. 3). The balance of the check was for a 1957 Ford Thunderbird (# D7FH293560) owned by the debtor and her husband.[1] The payment exceeded the fair market value of the purchased property.

The Florida Certificate of Title (Ex. 1) was not issued until more than five months later, on April 26, 1988, the day before this bankruptcy was filed. The defendant husband, who collects antique cars, knowingly occasioned the delay.

A Florida statute, § 319.22(1) provides that, with two exceptions not pertinent here:

"no court shall recognize the right, title, claim or interest of any person in or to any motor vehicle or mobile home sold, disposed of, mortgaged, or encumbered, unless evidenced by a certificate of title duly issued to that person, in accordance with the provisions of this chapter."

Bearing in mind the broad statutory definitions of "creditor" and "claim" in § 101, § 547(b) permits avoidance by the trustee of a vendor's performance of a sales contract if that performance (the "transfer") occurs too long after payment to be a "substantially contemporaneous exchange" under § 547(c)(1)(B). *See, e.g., Matter of International Gold Bullion Exchange, Inc.*, 53 B.R. 57 (Bankr.S.D.Fla. 1985); 4 *Collier on Bankruptcy* (15th Ed. 1985) ¶ 547.01 ff. The purpose of § 547 is not only to discourage creditors from racing to the courthouse but also to facilitate equality of distribution. *Id.* ¶ 547.01 n. 18. That purpose is served as well in the context of sales as in credit transactions.

---

1. I do not overlook the significance of the fact that the car was not noted on the check until long after the check was negotiated. However, defendants' testimony and the transfer of title

(Ex. C) notarized on November 14, 1987, convince me (in the absence of contrary evidence) that defendants also purchased the car on that date with their check.

The trustee has proved each of the remaining four elements of an avoidable preference, if he has proved the second element: that the transfer of the debtors' interest in the car was for an "antecedent" rather than a "substantially contemporaneous" debt.[2]

■ Therefore, the central, if not only, issue here is whether the car was transferred to the defendant husband on November 14, 1977 when payment was made, or on April 26, 1988 when the certificate of title was issued. If the former, this was a contemporaneous exchange for new value and is not a preference. If the latter, it was a transfer on account of an antecedent debt and a preference.

For the purposes of § 547(b), with an exception not pertinent here, the transfer of personal property is not made until the transfer is "perfected". § 547(e)(2)(B) and (3). Also, for the purposes of § 547(b), a transfer of personal property:

> "is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." § 547(e)(1)(B).

In *Matter of Canup Mechanical, Inc.*, 1 B.R. 703, 706 (Bankr.M.D.Fla.1979) it was held that in view of the Florida statute, an execution creditor could have obtained a lien superior to the right of the defendant at any time before the issuance of the Certificate of Title three months after the purchase; therefore for the purposes of § 60a(2), Bankruptcy Act predecessor of § 547(b), the car was not transferred until that date. The plaintiff trustee recovered the car. That decision is equally applicable here.

Defendants argue that *Canup* overlooked *Correria v. Orlando Bank & Trust Co.*, 235 So.2d 20 (Fla.Dist.Ct.App.1970) which held that a car buyer acquired title superior to that of a bank's trust security lien, where the purchase was made from a car dealer's inventory in the ordinary course of business without notice of the lien.

*Correria* is not in point. Our debtor was not a car dealer and the sale here was not in the ordinary course of business. The sale, therefore, did not fall within UCC § 9–307(1), upon which *Correria* rests, and which applies solely to sales in the ordinary course of business.

If *Correria* is applicable to the transaction which concerns us, it would apply to *every* motor vehicle sale and *Fla.Stat.* § 319.22(1) would be completely vitiated. That was neither the intent nor the effect of the decision in *Correria*.

As is required by B.R. 9021, a separate judgment will be entered avoiding the transfer of the Thunderbird to the defendant husband and ordering defendants to turn the car over to the trustee. If the car is not surrendered to the trustee, jurisdiction is retained to fix its value for the entry of a money judgment. Costs may be taxed on motion.

Of course, this decision does not bar the defendant's claim as a general creditor of this estate for the value of the car.

DONE and ORDERED.

---

**2.** Because the defendants/transferees were "insiders" as defined in § 101(30), the fourth element, § 547(b)(4)(B), is not in issue.