In re Burton Lewis ARNETT and Charlotte Joan Arnett, Debtors.

Thomas E. RAY, Trustee, Plaintiff,

v.

SECURITY MUTUAL FINANCE CORPORATION, American National Bank and Trust Company of Chattanooga, Burton Lewis Arnett and Charlotte Joan Arnett, Defendants.

Bankruptcy No. 1–81–00409.
Adv. No. 1–81–0232.

United States Bankruptcy Court,
E. D. Tennessee.

Aug. 11, 1981.

Thomas E. Ray, Chattanooga, Tenn., for plaintiff.

Andrew F. Bennett, Jr., Cleveland, Tenn., for defendant, Security Mutual Finance Corp.

Richard J. McAfee, Chattanooga, Tenn., for defendant, American National Bank and Trust Co. of Chattanooga.

B. Prince Miller, Jr., Cleveland, Tenn., for defendants, Burton Lewis and Charlotte Joan Arnett.

RALPH H. KELLEY, Bankruptcy Judge.

On December 10, 1980, the debtors obtained a loan from defendant, Security Mutual Finance Corporation, and granted it a security interest in an automobile. The security interest was not perfected until January 12, 1981, which was within 90 days of bankruptcy.

Debtors' trustee in bankruptcy filed this complaint seeking to avoid the grant of the security interest as a preferential transfer that occurred when the security interest was perfected. 11 U.S.C. § 547.

The trustee also named the American National Bank and Trust Company (the bank) as a defendant because it appeared the bank was responsible for Security Mutual's delay in perfecting its security interest. The bank had a perfected security interest in the car which was to be paid off with the loan from Security Mutual. It mailed the bank a check on or about December 10, 1980, but the bank failed to release its lien and return the title to Security Mutual until January 9, 1981.

On the date of the loan an employee of Security Mutual called an employee of the bank to verify the payoff and how the automobile was titled. On the next day, December 11, 1980, Security Mutual mailed the bank a check in the amount of the payoff and requested that the bank release its lien and mail the title certificate to Security Mutual.

The bank didn't deposit the check until Friday, December 19, 1980. The check was mailed more than a week earlier and should have been received on Friday or Saturday, but certainly not later than Monday, December 15, 1980.

On December 17, 1981, an employee of Security Mutual called an employee of the bank and was told that the title certificate would be mailed.

On December 19, 1980, an employee of Security Mutual again called an employee of the bank and again was told that the title certificate would be mailed.

Another call was made during the week of December 22, 1980, and an employee of Security Mutual was told that the title certificate had been mailed.

Between two and three weeks later, the bank released its lien and mailed the title certificate. That was on January 9, 1981, a Friday. On Monday, January 12, Security Mutual received the title certificate and applied for a new one with its lien noted.

This was during the Christmas season. The bank was busy and had a number of employees off on vacation or for sickness.

A preference is a transfer that enables a creditor to receive payment of a greater percentage of its claim against the debtor than it would have received if the transfer had not been made and it had participated in the distribution of the assets of the bankrupt estate.

The above definition of a preference is made operative by the five elements of 11 U.S.C. § 547(b). To establish a voidable preference the trustee must prove:

[a] transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition . . .

(5) that enables such creditor to receive more than such creditor would receive if—

> (A) the case were a case under chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

If the transferee creditor can show that any one of the five requirements has not been met, then the trustee cannot recover.

The defendants rely upon 11 U.S.C. § 547(c) which provides that certain transfers may not be set aside as preferences, although they literally fall within the statutory definition of a preference. The exception relied upon by defendants reads as follows:

> (c) The trustee may not avoid under this section a transfer—
>
> (1) To the extent that such transfer was—
>
>> (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>>
>> (B) in fact a substantially contemporaneous exchange.

■ The intent of the debtor and creditor to make a contemporaneous exchange is critical. Under the facts of this case it is undisputed that Security Mutual and the debtors intended a contemporaneous exchange for new value. See 11 U.S.C. § 547(a)(2) ("new value").

The second requirement is that the exchange be "in fact" substantially contemporaneous. Under the facts of this case the second requirement is also satisfied. The Code provides that if a transfer is perfected within certain time limits, then the delay is ignored. 11 U.S.C. § 547(c)(3) & (e)(2)(A). But the Code does not dictate exact time limits for determining when an exchange is substantially contemporaneous. The legislative history gives an instance in which thirty days will amount to a substantially

contemporaneous exchange "in fact." *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 373 (1977), U.S. Code Cong. & Admin. News 1978, p. 5787.

■ The "substantially contemporaneous" exception clearly contemplates factors other than time. Whether a transfer is "substantially contemporaneous" requires a consideration of the surrounding facts.

In another case this Court recognized that "[t]he facts argue for application of the exception . . .," but declined to apply it. *In re Kelley*, 3 B.R. 651, 655 (Bkrtcy.E.D. Tenn.1980). In *Kelley*, however, the delay was longer and the creditor did nothing to speed up the delaying party. In the present case the two defendants have satisfactorily explained the delay.

■ There was absolutely no delay on Security Mutual's behalf. It took prompt action by calling the bank several times. It filed to perfect its security interest on the day it received the title certificate. It was impossible to file any sooner. Any delay was caused by the United States Postal Service and the bank. It was the Christmas season. Mail was slow. The bank had a number of employees off for the holidays or sickness.

■ The preference provision is meant to discourage creditors "from racing to the courthouse to dismember the debtor during his slide into bankruptcy" and to facilitate equality of distribution. H.R.Rep. No. 95–595, *supra*, at 177–78, U.S. Code Cong. & Admin. News 1978, p. 6138. Under the facts of this case there was no "race." It was a normal business transaction. No creditor attempted to obtain priority over another. No general unsecured creditor ever had cause to look to this vehicle as a source of repayment. There was no risk of fraud or misrepresentation by any delay in perfecting the security interest.

On these facts equity demands that Security Mutual prevail against the trustee. The court finds that the transfer was part of a "substantially contemporaneous" exchange within the meaning of 11 U.S.C. § 547(c)(1).

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.