In re Burton Lewis ARNETT and Charlotte Arnett, Debtors.

Thomas E. RAY, Trustee, Plaintiff,

v.

SECURITY MUTUAL FINANCE CORP.: American National Bank & Trust Company of Chattanooga; Burton Lewis Arnett and Charlotte Joan Arnett, Defendants.

No. CIV-1-81-403.

United States District Court, E. D. Tennessee, S. D.

Jan. 22, 1982.

Thomas E. Ray, pro se.

Andrew F. Bennett, Jr., Cleveland, Tenn., for Security Mut. Finance Corp.

Richard J. McAfee, Miller & Martin, Chattanooga, Tenn., for American National Bank and Trust Co.

B. Prince Miller, Jr., Cleveland, Tenn., for Burton Lewis Arnett and Charlotte Joan Arnett.

MEMORANDUM

FRANK W. WILSON, Chief Judge.

The present Chapter 7 proceeding was instituted by Burton and Charlotte Arnett on February 25, 1981 in the Bankruptcy Court for the Eastern District of Tennessee, Southern Division. Thomas Ray, the trustee in bankruptcy, has appealed the refusal of Judge Kelley in the Bankruptcy Court to set aside appellee Security Mutual Finance Corporation's security interest in the debtor's 1978 Volkswagen as a preferential transfer. A brief recitation of the facts follows.

Title for the 1978 Volkswagen in this suit, Serial No. 1582044657, was issued showing American National Bank as lienholder on October 24, 1978. On December 10, 1980, the debtors obtained a loan from the defendant, Security Mutual, and granted it a security interest in the automobile. On December 11, 1980 Security Mutual mailed a check in the amount of the payoff, $1,932.08, to American National and requested that the Bank release its lien and mail the title certificate to Security Mutual. The Bank deposited the check on December 19, 1980 and released its lien and mailed the title to Security Mutual on January 9, 1981. Security Mutual received the title and perfected its security interest on January 12, 1981. The debtors herein filed their bankruptcy petition on February 25, 1981.

During the period of time between Security Mutual's mailing of the check and receipt of the title, several efforts were made to check on the progress of American National Bank in handling the transaction. Due to the slowness of holiday mails and the absence of a number of employees due to vacation and sickness, 33 days elapsed between issuance of the loan and perfection of the security interest. The Bankruptcy Judge found that Security Mutual took prompt action to perfect its security interest and any delay was caused by the mails or American National.

The sole issue presented is whether the Bankruptcy Court erred in deciding that Security Mutual's security interest should not be set aside as a preferential transfer. A preference is a transfer that enables a creditor to receive payment of a greater percentage of its claim against the debtor than it would have received if the transfer had not been made and it had participated in the distribution of assets of the bankrupt estate.

Under 11 U.S.C. § 547(b), the trustee must establish the elements to show a voidable preference. They are:

"any transfer of property of the debtor—
"(1) to or for the benefit of a creditor
"(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
"(3) made while the debtor was insolvent;
"(4) made—
    "(A) on or within 90 days before the date of the filing of the petition; or

\* \* \* \* \* \*

"(5) that enables such creditor to receive more than such creditor would receive if—
    "(A) the case were a case under Chapter 7 of this title;
    "(B) the transfer had not been made; and
    "(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

Even if the five requirements to establish a voidable preference are shown, 11 U.S.C. § 547(c) provides certain exceptions to the trustee's powers to avoid these transfers. In particular:

"(c) The trustee may not avoid under this section a transfer—
    "(1) to the extent that such transfer was—
    "(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
    "(B) in fact a substantially contemporaneous exchange."

In the Bankruptcy Court, Judge Kelley found that the debtor and creditor intended a contemporaneous exchange for new value and that it was in fact a substantially contemporaneous exchange. It is Judge Kelley's conclusion that the transfer was substantially contemporaneous that the appellant now attacks.

Since the loan was given the debtors on December 10, 1980 but the security interest they gave in return was not perfected until January 12, 1981, a 33–day lapse was present. 11 U.S.C. § 547(e)(2) controls the time at which a transfer is considered to have occurred.

"(2) For the purposes of this section . . . a transfer is made—
    "(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at or within 10 days after such time;
    "(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or
    "(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the latter of—
    "(i) the commencement of the case; and
    "(ii) 10 days after such transfer takes effect between the transferor and the transferee."

Hence 11 U.S.C. § 547(e)(2)(B) would indicate that the transfer took place when the

security interest was perfected, or January 12, 1981. Value was given on December 10, 1980. The appellant contends that regardless of the diligence exercised by Security Mutual and the good reasons for the delay, a 33 day lapse between the giving of value and the date of the transfer cannot be substantially contemporaneous.

It is clear from the language of 11 U.S.C. § 547(e)(2)(A) that a lapse of ten days or less is intended to be contemporaneous. In White & Summers, *Uniform Commercial Code* 2d (1980), at 1006, it is suggested that this explicit grant of a ten day grace period implies that anything beyond the ten day period is not substantially contemporaneous. In H.R.Rep. No. 595, 95th Cong., 2nd Sess. 373, *reprinted in* 1978 *U.S.Code Cong. & Ad.News* 5787, 5963, 6329, it is stated that a transfer involving a check is considered to be "intended to be contemporaneous" and will be "in fact substantially contemporaneous" if it is presented for payment in the normal course of affairs which the UCC specifies is 30 days, § 3–503(2).

 This Court is of the opinion that as a matter of law any security interest perfected in the ten day grace period will be treated as being "in fact substantially contemporaneous," while it will be a question of fact as to whether any transaction extending beyond those limits is "in fact substantially contemporaneous." When delay beyond the ten day grace period is satisfactorily explained, as in this case where it was necessary to obtain the release of American National's lien, and no risk of fraud or misrepresentation is occasioned by the delay, the statute should not prevent the courts from being able to determine that the transaction was substantially contemporaneous.

In the present action, Judge Kelley's findings of fact amply support his conclusion that the transaction was substantially contemporaneous even though a lapse of 33 days intervened between the giving of new value and the date of transfer. The creditor acted with promptness. It was the need to rely on the cooperation of the Bank, coupled with holiday vacations and slow holiday mail, to which the delay may be attributed. Judge Kelley's determination that the transfer was substantially contemporaneous and his refusal to allow avoidance of the transaction are consistent with the scope and intent of the law and will be affirmed. The appellant's arguments that Security Mutual should have followed the procedure of TCA § 55–3–123 do not seem persuasive as that statute makes no allowance for the release of American National's prior lien.

An appropriate order will enter.