In re Ronald Lowell LYON, Georgia Jean Lyon, d/b/a Ron Lyon Construction, Debtors.

James R. BARR, Trustee, Plaintiff,

v.

Bob RENEAU, Defendant.

Bankruptcy No. 79–11783.

United States Bankruptcy Court, D. Kansas.

Feb. 17, 1982.

Arden D. Miller, Wichita, Kan., for defendant.

James R. Barr, Wichita, Kan., trustee.

## MEMORANDUM AND ORDER SUSTAINING MOTION FOR SUMMARY JUDGMENT

ROBERT B. MORTON, Bankruptcy Judge.

### APPEARANCES

On defendant's motion for summary judgment on trustee's complaint to set aside a mortgage granted to defendant Bob Re-

neau, defendant appears by Arden P. Miller, Esq. and James R. Barr, Esq. appears in his capacity as trustee.

## STATEMENT OF THE CASE

The following statement of facts, stipulated by the parties,[1] are sufficient for a judicial resolution of this controversy.[2]

Debtor Ron L. Lyon and Don E. Blake, contractors, and defendant Bob Reneau, landowner, entered into a building contract on or about February 26, 1979 for construction of a residence in Pratt, Kansas. Mr. Reneau subsequently approved certain change orders increasing the total contract price. Taking those changes into account, the parties agreed Mr. Reneau's total contract liability would be limited to $47,056.13. Defendant moved into the virtually completed residence on or about July 20, 1979. By that time, the contractors had received all but $1,000 of the amount due under the construction contract. The parties agreed Mr. Reneau should retain $1,000 to apply to the cost of carpeting.

During a discussion with Don Blake and debtors on or about July 30, 1979, Bob Reneau was informed that certain lienable obligations incurred in the construction of his residence remained unpaid; Reneau was asked to extend a loan to the contractors to satisfy those outstanding obligations and thus enable the contractors to remain in business. As consideration for the loan, Don E. Blake, Mrs. Blake and debtors executed a promissory note to Bob Reneau on or about August 1, 1979 for $11,221.09 plus interest at nine per cent per annum, which was to be secured by real property mortgages. Defendant thereafter issued personal checks to Mr. Lyon and Mr. Blake and their creditors on or about August 2, 1979 in amounts necessary to satisfy the aforementioned obligations. Issuance of the checks, plus Mr. Reneau's payment of excess competing expenses resulted in total expenditures by him of $11,498.83 over and above the contract price.

Pursuant to a document dated August 1, 1979, executed August 22, 1979, and recorded in Woods County, Oklahoma on August 27, 1979, debtors mortgaged to Bob Reneau their interest in certain real property located in Woods County, Oklahoma to secure the additional advances by Reneau. Debtors subsequently filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 6, 1979.[3] The trustee seeks to set aside as a voidable preference under section 547 of the Bankruptcy Code the mortgage executed in favor of Reneau. Defendant has filed a motion for summary judgment on the trustee's complaint.

## MEMORANDUM

■ FED.R.CIV.P. 56(c) provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[4] Stipulations of counsel may also be considered in connection with a motion for summary judgment. 6 (Part 2) J. MOORE FEDERAL PRACTICE paragraph 56.15(7), at 56–637 (2nd ed. 1980). In the instant case, all material facts are undisputed and have been stipulated by the parties. Thus, there being no genuine issue as to any material fact, there remains only the legal question of whether under the admitted facts the instant transfer was, and was intended as, a substantially contemporaneous exchange for new value given the debtor within the purview of section 547(c) of the Bankruptcy Code discussed *infra*. An affirmative answer calls for judgment

---

1. File document 29.

2. Thus in the absence of any dispute over the material facts the matter is 'ripe' for summary judgment. See note 4, *infra*, and accompanying portion of text.

3. Bob Reneau is listed as a secured creditor in the amount of $11,221.09 on the debtors' voluntary petition in bankruptcy.

4. Rule 756 of the Bankruptcy Rules of Procedure makes FED.R.CIV.P. 56 applicable in adversary proceedings in bankruptcy cases.

in favor of defendant; under a negative conclusion the trustee prevails.

First to be noted is that under section 547(b) of the Bankruptcy Code, a trustee may avoid any transfer of the debtor's property to a creditor for an antecedent debt, made while the debtor was insolvent and within ninety days before the filing date of the petition, which enables the creditor to receive a greater percentage of such creditor's claim than would be received under the Code's distributive provisions.[5] A "transfer" is defined in section 101(40) of the Code as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property *or with an interest in property* including retention of title as a security interest."[6] Thus, the transfer of a mortgage on the debtor's real property to a creditor constitutes a transfer under this section. Subsection (e)(2) of section 547 provides that a transfer is made:

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or

(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—

(i) the commencement of the case; and

(ii) 10 days after such transfer takes effect between the transferor and the transferee.

"A transfer of real property other than fixtures ... is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(A). For purposes of section 547, therefore, the transfer of the mortgage from debtors to defendant was made on August 22, 1979, the date the mortgage was executed, because it was perfected by recording within ten days after the transfer took effect.

In the instant case, the facts establish and the parties do not dispute that the transfer of the mortgage satisfies the above elements of a preference. Defendant was benefited by the mortgage because his creditor status thereby changed from unsecured to secured. Because the only consideration received by the debtors was the payment by Reneau of the outstanding construction obligations on August 2, 1979, twenty days prior to the execution of the mortgage, the transfer of the mortgage was for an antecedent debt. Furthermore, the transfer occurred within the ninety-day period preceding the filing of the petition; the debtors are presumed to have been insolvent during that period under section 547(e)(4). Finally, defendant would receive more as a mortgageholder than he would as an unsecured creditor under the Code's distributive provisions.

Although the trustee may ordinarily avoid a preferential transfer, section 547(c) provides a number of exceptions to the trustee's voiding power. Defendant contends that the section 547(c)(1) exception is appropriate in this case. That exception states:

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange.

Under this exception, not only must the parties *intend* a contemporaneous exchange for new value, but the exchange must *in fact* be substantially contemporaneous.

The first exception is a simple one, excepting a transfer that is really not on

---

**5.** 11 U.S.C. § 547.

**6.** *Id.* at § 101(40).

account of an antecedent [debt]. Literally, the transfer must have been intended by the debtor and the creditor to have been a contemporaneous exchange for new value and "in fact a substantially contemporaneous exchange." No doubt a purchase by the debtor of goods or services with a check, if deemed to be on credit by state law, would be insulated by this exception. Though strictly speaking the transaction may be a credit transaction because the seller does not receive payment until the check is cleared through the debtor's bank, it is generally considered and intended to be a contemporaneous transaction, and assuming the check is promptly deposited and cleared, is in fact substantially contemporaneous. Levin, *An Introduction to the Trustee's Avoiding Powers,* 53 AM.BANKR.L.J. 173, 186 (1979).

The court finds that the debtors and defendant intended for the transfer by way of the mortgage to have been a contemporaneous exchange for new value; and that the transfer was in fact a substantially contemporaneous exchange. During the July 30, 1979 meeting between the parties, the contractors and their spouses agreed to execute a promissory note, *which was to be secured by real property mortgages,* in exchange for the loan from Reneau. The parties, therefore, intended at the outset of the transaction to provide Reneau mortgage security for his loan. That intent is further manifested by the manner in which the debtors executed the mortgage. Although the document was not signed until August 22, 1979, it was dated August 1, 1979, thereby evidencing the parties intent to contemporaneously exchange the contractors' *secured* promissory note for Reneau's personal checks.

In *Dean v. Davis,* 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419 (1917), the creditor loaned money to the debtor to pay outstanding obligations owed by the debtor to a bank. The loan was to be secured by a mortgage on all the debtor's property; however, the mortgage, although dated the day of the loan, was not executed until a week after the loan had been made. When an involuntary petition in bankruptcy was filed against the debtor a few days later, the trustee attempted to set aside the mortgage as a voidable preference. The court held that the transfer was not preferential because both parties intended to make a secured loan and the mortgage was given to secure a substantially contemporary advance.

The rule of *Dean v. Davis,* although decided under the Bankruptcy Act of 1898, is applicable to cases under the Code. "Thus, if the parties to a transfer intend the transfer to be 'a contemporaneous exchange for new value given to the debtor,' and the exchange is, in fact, 'substantially contemporaneous,' there is no preference. This paragraph [section 547(c)(1)] preserves the [rule] of ... *Dean v. Davis....*" 4 COLLIER ON BANKRUPTCY paragraph 547.-37[2], at 547–118 (15th ed. 1980).

■ The Code does not specify time limitations for determining when an exchange is "substantially contemporaneous." This exception, therefore, clearly contemplates factors other than time and a determination requires a consideration of the surrounding facts. *See In re Arnett,* 13 B.R. 267, 7 B.C.D. 1222, 1223–24 (Bkrtcy.E.D.Tenn. 1981). "The preference provision is meant to discourage creditors 'from racing to the courthouse to dismember the debtor during his slide into bankruptcy' and to facilitate equality of distribution." *In re Arnett,* 13 B.R. at 269, 7 B.C.D. at 1224. The transfer involved in the present case, however, is not the kind of preference section 547 is intended to discourage.

The transfer of the mortgage to Reneau was a normal business transaction. Defendant was not attempting to "race" to the courthouse to dismember the debtors. Indeed, Reneau was *assisting* the contractors in their attempt to *remain* in business by paying off their outstanding business liabilities. New value was extended by Reneau when he paid the contractors' outstanding indebtedness on August 2, 1979, *after* having fully satisfied his own obligations under the original construction con-

tract. The new value extended was to be secured by mortgages on real property, which were executed shortly thereafter, and therefore, the transfer of the mortgage to Reneau was given to secure a substantially contemporary advance.

The court concludes that the parties at the outset intended for Reneau's loan to be secured and intended for the exchange of the promissory note and mortgage for Reneau's personal checks to be contemporaneous. Furthermore, the court finds that a twenty-day delay between the loan and the transfer of the mortgage, *under the circumstances involved herein,* does not prevent the exchange from being substantially contemporaneous under section 547(c)(1). Having determined that a contemporaneous exchange was intended by the parties, and that the exchange was, in fact, substantially contemporaneous, the court finds that the mortgage to Reneau may not be set aside as a preferential transfer. Thus, the court concludes that defendant is entitled to a judgment as a matter of law and the motion for summary judgment on the trustee's complaint is sustained.

## ORDER

Based upon the foregoing memorandum which constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752 and Rule 52(a) Federal Rules of Civil Procedure

IT IS ORDERED that defendant is granted summary judgment against plaintiff.