**In re Gary A. MARTELLA, Debtor.**

**GENERAL MOTORS ACCEPTANCE CORP., Plaintiff,**

v.

**Gary A. MARTELLA, Bruce C. Bernstein, Trustee, Defendants.**

**Bankruptcy No. 82 Mc 0278.**

United States Bankruptcy Court, D. Colorado.

Aug. 19, 1982.

Robert I. Cohen, Denver, Colo., for plaintiff.

Bruce Bernstein, Denver, Colo., trustee.

## MINUTES OF HEARING, FINDINGS, CONCLUSIONS, AND ORDER ON COMPLAINT FOR RELIEF FROM STAY

JOHN F. McGRATH, Bankruptcy Judge.

The matter before the Court is a Complaint for Relief from Stay. General Motors Acceptance Corporation (GMAC) seeks relief from stay to foreclose on the Debtor's 1978 Renault. The Trustee filed an Answer and Counterclaim contending that GMAC's security interest in the Debtor's car was a voidable preference. A hearing on the matter was held on March 22, 1982.

The facts are as follows. On September 30, 1981, the Debtor purchased a used 1978 Renault from Frontier Chevrolet. On this date, the Debtor signed an Installment

Sales Contract with Frontier Chevrolet, made a $300.00 downpayment, and received possession of the car. The Installment Contract contained an assignment of the Contract to GMAC. On October 14, 1981, Frontier Chevrolet sent the necessary registration papers, including the Installment Contract indicating GMAC's security interest in the Renault, to the Denver County Clerk and Recorder. However, Adams County was the correct county in which to register the car. Consequently, the papers were returned to Frontier Chevrolet. The papers were then sent to Adams County and the title was issued, noting GMAC's lien on November 13, 1981. The Debtor filed his Petition in Bankruptcy on December 24, 1981.

The Trustee claims that this transfer is a voidable preference because it occurred within 90 days of the filing of the Debtor's bankruptcy proceeding. GMAC maintains that the transfer comes within an exception to the Trustee's avoiding powers contained in 11 U.S.C. § 547(c)(1) and (2). There is no dispute between the parties that the elements of a preferential transfer under 11 U.S.C. § 547(d) are present. The only issue before the Court is whether the transfer constitutes an exception to the Trustee's avoiding powers.

To decide this issue, the Court must determine when the transfer of property occurred. Section 101(40) of the Bankruptcy Code defines a transfer as a parting in an interest of property, including retention of title as a security interest. Using this definition, a transfer occurred when the Debtor took possession of the automobile and GMAC retained title to it as a security interest. Section 547(e)(2) (11 U.S.C. 547(e)(2)) determines the date of the transfer. It provides:

(2) For the purposes of this section, . . . , a transfer is made—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or

(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—

(i) the commencement of the case; and

(ii) 10 days after such transfer takes effect between the transferor and the transferee.

Thus, if the transfer is perfected within 10 days, the date of the transfer relates back to the time the transfer takes effect between the parties to it. If the transfer is not perfected within 10 days, the date of perfection is the date of the transfer.

The transfer of a motor vehicle is perfected under the Bankruptcy Code when the creditor on a simple contract cannot acquire a judicial lien that is superior to a lien of the transferee. *See* 11 U.S.C. § 547(e)(1). Under Colorado law, a creditor cannot obtain a judicial lien superior to a transferee's interest once the requirements for the recording of the lien on a motor vehicle set out in Colo.Rev.Stat. §§ 42–6–119, 120 (1973) are fulfilled. GMAC fulfilled these requirements on November 13, 1981, when the Debtor's vehicle was registered in Adams County. This date is more than 10 days after the transfer became effective between the parties, thereby making November 13, 1981, the date of transfer.

Under these facts, the Court must determine whether the transfer is a preference that can be voided by the Trustee, or whether the transfer falls within one of the exceptions to the Trustee's avoidance powers under section 547(c) of the Bankruptcy Code.

The Trustee maintains that only section 547(c)(3) applies to these facts because this subsection deals specifically with security interests in property acquired by the Debtor. The Court agrees that the Debtor would not have a valid cause of action under section 547(c)(3), however, the legislative history is contrary to the Trustee's contention that the Debtor is limited to proceeding only under subsection (c)(3).

Subsection (c) contains exceptions to the trustees avoiding power. If a credi-

tor can qualify under any one of the exceptions, then he is protected to that extent. If he can qualify under several, he is protected by each to the extent he can qualify under each. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 373, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6329.

The legislative history indicates that a Debtor is entitled to any exception for which he qualifies under section 547(c). Accordingly, the Court finds that this case is not limited to a determination under section 547(c)(3).

The creditor, GMAC, maintains that this transfer qualifies as an exception to the Trustee's avoiding power under section 547(c)(1) and (2). These sections provide as follows:

(c) The Trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms;

The Court concludes that the Debtor is not entitled to an exception under 547(c)(2) because the purchase of an automobile is not in the ordinary course of the Debtor's business or financial affairs. Therefore, the Court's determination of this matter will be made under section 547(c)(1).

■ There is no question that the transfer between this Debtor and creditor was an exchange for new value. The key inquiry under this section, then, is whether the parties at the outset intended the exchange to be contemporaneous. If the parties so intended, and the exchange was substantially contemporaneous, there is no preference. See Collier on Bankruptcy, 15th Ed., ¶ 547.37.

■ The Trustee contends that there was no agreement between the Debtor and GMAC, therefore, there was no contemporaneous exchange. The Trustee argues that the Debtor entered into an agreement with Frontier Chevrolet, and that this agreement was later assigned to GMAC. GMAC not being a party to the agreement could not enter into a contemporaneous exchange for new value. An examination of the face of the Installment Contract shows that Frontier Chevrolet assigned the contract to GMAC in accordance with the terms printed on the reverse side of the contract, indicating that Frontier Chevrolet routinely assigns its Installment Contracts to GMAC. There is no evidence to show when the assignment took place, but if it was not instantaneous, it appears to have been contemplated at the time Frontier Chevrolet and the Debtor entered into their agreement. In effect, Frontier Chevrolet was acting as GMAC's agent. Further support for this conclusion is found in the fact that Frontier Chevrolet was responsible for recording GMAC's lien on the Certificate of Title to the Debtor's automobile after the contract has been assigned to GMAC. The Installment Contract indicates that all the parties to the agreement contemplated GMAC financing the Debtor's purchase of an automobile in exchange for retaining a security interest in it. For our purposes, then, GMAC was a party to the transaction.

To decide if the transfer between GMAC and the Debtor was contemporaneous, the Court must determine if the parties, at the time of the exchange, intended that there was to be a contemporaneous exchange which, in fact, was substantially contemporaneous.

■ Section 547(c)(1) of the Bankruptcy Code codifies the Supreme Court holding in *Dean v. Davis*, 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419 (1917), where it was held that the transfer was not preferential when both parties to the transfer intended to make a secured loan, but the mortgage on the property securing the loan was not recorded until one week after the loan was made. There was no preference, the Supreme Court held, because there was no payment on a preexisting debt. *See also* Collier on Bankruptcy, 15th Ed., ¶ 547.37. The facts are the same before us. Although the security interest was not recorded for almost a month and a half after the security interest attached, the delay was explained by a representative of Frontier Chevrolet as being initially due to the time required for the Debtor's down payment check to clear his bank, and subsequently because the registration papers were incorrectly sent to Denver County rather than Adams County. The Court finds that this lapse of time does not show that the transfer was not intended to be a contemporaneous exchange for new value.

■ The legislative history indicates that the preference provision is meant to discourage creditors "... from racing to the courthouse to dismember the debtor during his slide into bankruptcy" and to "... facilitate the prime bankruptcy policy of equality of distribution among creditors of the debtor." H.R.Rep.No.95–595, 95th Cong., 1st Sess. (1977), at 177–178, U.S.Code Cong. & Admin.News 1978, p. 6138. The Court has no evidence indicating that there was a race to dismember the Debtor in this case. No creditor with an unsecured claim had reason to look to this vehicle as a source of repayment. No priority was obtained by any creditor because of the delay in perfecting the security interest. This transfer of property, then, does not violate the intent of section 547(b). The Court concludes that the transfer was intended to be a contemporaneous exchange for new value and, therefore, is an exception under section 547(c) to the Trustee's power to void preferential transfers. See *In Re Arnett*, 13 B.R. 267, 4 C.B.C.2d 1365 (Bkrtcy.E.D.Tenn.1981), af-

firmed at 17 B.R. 912, 5 C.B.C.2d 1409 (1982).

For the foregoing reasons, it is

ORDERED that GMAC's Complaint for Relief from Stay of enforcement of lien is granted.