KRAVITCH, Circuit Judge:
 

 David Larry Davis entered into a retail installment sales contract on August 6, 1981, with Maxwell Ford Tractor, Inc. for the purchase of certain farm equipment. The equipment was subject to a security interest, which on August 11, 1981, was assigned to appellee, Ford Motor Credit Company (FMCC). The employee of FMCC who was responsible for recording financing statements was on vacation from August 14 through August 24 and did not perfect the security interest until August 26, twenty days after the transfer. Davis filed his bankruptcy petition on November 16, 1981.
 

 This appeal presents the sole issue whether 11 U.S.C. § 547(c)(1) protects a lien securing an enabling loan from avoidance as a preference where the lien was perfected beyond the ten day grace period allowed by § 547(c)(3). We hold that it does not.
 

 It is not disputed that the transfer is technically a preference under § 547(b). FMCC’s security interest therefore is avoidable unless the transaction comes within one of the savings provisions of § 547(c). Section 547(c)(3) provides that the trustee may not avoid a transfer:
 

 (3) of a security interest in property acquired by the debtor—
 

 (A) to the extent such security interest secures new value that was—
 

 (i) given at or after the signing of a security agreement that contains a description of such property as collateral;
 

 (ii) given by or on behalf of the secured party under such agreement;'
 

 (iii) given to enable the debtor to acquire such property; and
 

 (iv) in fact used by the debtor to acquire such property; and
 

 (B) that is perfected before 10 days after such security interest attaches.
 

 This provision protects a security interest taken to enable the debtor to purchase the secured property if the interest is perfected within the prescribed ten day grace period. There is little doubt that the loan in this case qualifies as an enabling loan under § 547(c)(3)(A), but because the security interest was not perfected within ten days of its attachment, it is not saved from avoidance by the trustee under § 547(c)(3).
 

 Appellees contend, and the district court agreed, that although FMCC did not comply with § 547(c)(3), its security interest is protected under subsection (c)(1), which provides that the trustee may not avoid a transfer:
 

 (1) to the extent that such transfer was—
 

 (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
 

 (B) in fact a substantially contemporaneous exchange.
 

 This subsection has come to be referred to as the “contemporaneous exchange” exception. A number of the bankruptcy courts and two circuit courts recently have strug
 
 *606
 
 gled to define the relationship between this section and the more specific enabling loan exception in § 547(c)(3). Several bankruptcy courts have held that a holder of an interest securing an enabling loan may avail himself of § 547(c)(1) if he did not perfect within the ten day period required under subsection (c)(3).
 
 See In re Martella,
 
 22 B.R. 649 (D.Colo.1982);
 
 In re Burnette,
 
 14 B.R. 795 (Bkrtcy.E.D.Tenn.1981);
 
 In re Arnett,
 
 13 B.R. 267 (Bkrtcy.E.D.Tenn.1981), aff'
 
 d,
 
 17 B.R. 912 (E.D.Tenn.1982),
 
 rev’d,
 
 731 F.2d 358 (6th Cir.1984). One court explained the relationship between two subsections as follows:
 

 Though the contemporaneous exchange exception was not meant to apply to this situation, it is broad enough to apply. It should not be held inapplicable on the ground that it cannot overlap with the enabling loan exception. The enabling loan exception can be viewed as defining one kind of “contemporaneous exchange”, in the broad sense of those words. The enabling loan exception requires proof of specific facts that should be easily proved or disproved, whereas the contemporaneous exchange exception is vague as to what facts will satisfy it.
 

 In re Burnette,
 
 14 B.R. at 803. Under this approach, a security interest automatically is protected under § 547(c)(3) if filed within ten days of the transfer, but an untimely perfection may still be protected following a factual inquiry into the reason for the delay, the intent of the parties and the contemporaneous nature of the exchange.
 
 See In re Arnett,
 
 17 B.R. at 914.
 

 We disagree with this construction and adopt the view of the majority of bankruptcy courts and the two circuit courts to address the issue. The approach most consistent with legislative intent and the policies underlying the enactment of § 547(c) is that subsection (c)(1) is not available to protect security interests on enabling loans from avoidance.
 
 [1]
 

 See In re Arnett,
 
 731 F.2d 358 (6th Cir.1984);
 
 Matter of Vance,
 
 721 F.2d 259 (9th Cir.1983);
 
 In re Murray,
 
 27 B.R. 445 (Bkrtcy.M.D.Tenn.1983);
 
 In re Davis,
 
 22 B.R. 644 (Bkrtcy.M.D.Ga.1982);
 
 Valley Bank v. Vance,
 
 22 B.R. 26 (Bkrtcy.D.Idaho 1982);
 
 In re Enlow,
 
 20 B.R. 480 (Bkrtcy.S.D.Ind.1982);
 
 Matter of Christian,
 
 8 B.R. 816 (Bkrtcy.M.D.Fla.1981);
 
 In re Meritt,
 
 7 B.R. 876 (Bkrtcy.W.D.Mo.1980).
 

 Although the legislative history of § 547(c)(1) is sparse, Congress apparently was concerned that transactions not commonly considered credit transactions, such as payment by check, might be construed as payments on account of an antecedent debt. Because certain essentially cash transactions were not intended to be avoidable preferences, Congress created the contemporaneous exchange exception in § 547(c)(1):
 

 The first exception is for a transfer that was intended by all parties to be a contemporaneous exchange for new value, and was in fact substantially contemporaneous. Normally, a check is a credit transaction. However, for the purposes of this paragraph, a transfer involving a check is considered to be “intended to be contemporaneous,” and if the check is presented for payment in the normal course of affairs, which the Uniform Commercial Code specifies as 30 days, U.C.C. § 3-503(2)(a), that will amount to a transfer that is “in fact substantially contemporaneous.”
 

 H.R.Rep. No. 595, 95th Cong., 2d Sess. 373,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad. News 5787, 6329.
 
 [2]
 

 
 *607
 
 Congress gave no indication that a security interest for an enabling loan could qualify under subsection (c)(1).
 
 [3]
 
 Rather, the statute and legislative history explicitly state that Congress intended § 547(c)(1) to exempt transactions involving payment by check and the like, and that § 547(c)(3) exempts credit transactions involving enabling loans.
 
 See Matter of Vance,
 
 721 F.2d at 262. Applying the traditional maxim
 
 “expressio unius est exclusio alterius,”
 
 the bankruptcy court in
 
 Davis
 
 concluded:
 

 11 U.S.C. § 547(c)(3) provides a mechanism by which liens to secure enabling loans might be excepted from avoidance. In so doing it negates the applicability of other means of exception. 11 U.S.C. § 547(c)(1) is in general; 11 U.S.C. § 547(c)(3) is specific; it refers to “a security interest” such as in this adversary proceeding.
 

 In re Davis,
 
 22 B.R. at 649.
 

 Our conclusion is consistent with the policies underlying the statute. The establishment of a ten day grace period was an effort to create a national uniform perfection period for enabling loans. Congress shortened the period from twenty-one days under the Bankruptcy Act to ten days under the current law.
 
 See In re Burnette,
 
 14 B.R. at 798-801 (“The idea was that the preference statute should establish a uniform grace period.”). We hesitate to defeat this uniformity by adopting a rule that would extend the grace period for enabling loans indefinitely.
 

 In addition, application of the contemporaneous exchange exception to enabling loans would render § 547(c)(3) virtually meaningless. If § 547(c)(1) applied to all such cases, the ten day grace period would serve as little more than an evidentiary presumption. In all other enabling loan cases, the court would engage in extensive fact-finding to determine whether the elements of § 547(c)(3) were satisfied.
 
 See In re Murray,
 
 27 B.R. at 452. Absent a legislative directive to the contrary, we decline to interpret § 547(c)(1) so broadly.
 

 Accordingly, we hold that 11 U.S.C. § 547(c)(1) is not available to except from avoidance an enabling loan perfected beyond the ten day period allowed in § 547(c)(3). The decision of the district court is REVERSED.
 

 [1]
 

 . Leading commentators have concurred that the contemporaneous exchange exception is not available to excuse untimely perfection of an enabling loan.
 
 See
 
 2 Norton Bankr.L. & Prac. § 31-13 at 41-42 (1981); White & Summers, Uniform Commercial Code § 24-4 at 1006 (2d Ed.1980); 4 L. King, Collier on Bankruptcy ¶ 547.46 at 136.4 n. 13c (15th ed. 1982).
 

 [2]
 

 . A member of the House Judiciary Committee staff responsible for the drafting of the Bankruptcy Reform Act of 1978 explained:
 

 The first exception is a simple one, excepting a transfer that is really not on account of an antecedent debt. No doubt a purchase by the debtor of goods or services with a check, if deemed to be on credit by state law, would be insulated by this exception. Though strictly
 
 *607
 
 speaking the transaction may be a credit transaction because the seller does not receive payment until the check is cleared through the debtor's bank, it is generally considered and intended to be a contemporaneous transaction, and assuming the check is promptly deposited and cleared, is in fact substantially contemporaneous.
 

 Levin,
 
 An Introduction to the Trustee’s Avoiding Powers,
 
 53 Am.Bankr.LJ. 173, 186 (1979).
 

 [3]
 

 . In support of its contention that subsections (c)(1) and (c)(3) are not mutually exclusive, FMCC relies on the following statement from the legislative history:
 

 Subsection (c) contains exceptions to the trustee’s avoiding power. If a creditor can qualify under any one of the exceptions, then he is protected to that extent. If he can qualify under several, he is protected by each to the extent he can qualify under each.
 

 H.R.Rep. No. 595, 95th Cong., 2d Sess. 373,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 6329. Other courts have refused to infer from this statement any legislative intent to adopt appellees’-view. As one bankruptcy court commented:
 

 The legislative history does not reveal which sections might provide multiple protection or why a transferee would desire to qualify under more than one section because satisfaction of any section excepts the entire transfer from avoidance. Assuming some purpose for multiple protection, however, the legislative history cannot be interpreted, as FMCC argues, to suggest that all exceptions in § 547(c) are interchangeable and overlapping. Each section has distinct prerequisites and to the extent one of those elements is absent, the section is inapplicable. Similarly, those sections that are inconsistent with each other will not be applied to one another.
 

 In re Murray,
 
 27 B.R. at 449 n. 7.