**In the Matter of Denise S. BROWN, Debtor.**

**George W. LEDFORD, Chapter 13 Trustee, Plaintiff,**

v.

**FIRST NATIONAL BANK OF DAYTON, Defendant.**

**Bankruptcy No. 3–84–01424. Adv. No. 3–84–0243.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 19, 1985.

George W. Ledford, Englewood, Ohio, trustee/plaintiff.

Carol E. Carlson, Dayton, Ohio, for defendant.

Donald F. Harker, III, Dayton, Ohio, for debtor.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

Denise S. Brown (the Debtor) filed a petition for relief under Chapter 13 on 5 July 1984. The Debtor's Plan provides generally for payments to the Trustee of $500.00 per month and for payment of real estate mortgage arrearages and secured claims pro rata, with 10% interest. Unsecured non-priority claims would be paid after payment of the secured and priority claims at 50%. An Order of Confirmation was entered on 27 August 1984 without objection. Two real estate mortgagees were scheduled.

The First National Bank of Dayton (hereinafter the Bank) was scheduled as a secured claim in the amount of $2675.40, with a 1977 Chevrolet as collateral. The Bank filed its secured proof of claim on 20 July 1984 in the amount of $2129.01, accepting the Plan as noticed.

The matter was submitted on the pleadings; a stipulation of facts and exhibits incorporated in a pretrial order entered on 19 November 1984; the Plaintiff's brief filed 27 December 1984; and the Defendant's brief filed 11 January 1985.

FACTS (as stipulated)

"The debtor filed a Chapter 13 petition on July 5, 1984.

On May 25, 1984 the defendant had an outstanding balance of $1452.32 on a note of the debtor's which was secured by a lien properly perfected on May 5, 1983 on the debtor's 1977 Chevrolet.

On May 25, 1984 the debtor owed to the defendant $689.43 on a MasterCard debt.

On May 25, 1984 the debtor executed and delivered to the defendant a note for $2141.75 which paid off the indebtness on the 1977 Chevrolet and the MasterCard debt.

On June 15, 1984 Defendant made a notation on the Certificate of Title that the lien perfected May 5, 1983 was discharged.

The lien was cancelled by the Montgomery County Common Pleas Clerk of Court on June 27, 1984.

The value of the 1977 Chevrolet on May 25, 1984 was $800.00.

On June 27, 1984 the defendant perfected a lien on the debtor's 1977 Chevrolet based on the Note of May 25, 1984.

The defendant has filed a proof of claim for $2129.01."

The parties subsequently agreed that the valuation of the 1977 Chevrolet should be changed to $1000.00 as of the time of the May 25, 1984 note. Both the Debtor in the schedules, and the Bank, in its proof of claim, agreed that the vehicle had a value of $800.00 on the date of the petition.

## DECISION

The Trustee argues that within 90 days of the filing of the Debtor's petition the Bank perfected a security interest in the Debtor's 1977 Chevrolet and this transfer was not a contemporaneous exchange for new value and is avoidable by the Trustee pursuant to § 547(b) of the Bankruptcy Code, citing *Gower v. Ford Motor Credit Company*, 734 F.2d 604 (11th Cir.1984); *In re Arnett*, 731 F.2d 358 (6th Cir.1984); and *In re Mandrell*, 39 B.R. 455 (M.D.Tenn. 1984).

The Bank argues that the loan on May 25, 1984, was not an enabling loan, and no transfer of any interest of the Debtor occurred within the 90-day preference period; or, in the alternative that the transfer did not meet all of the elements of § 547(b)(5)(B), as it (the transfer) did not enable the Bank to receive more than it would receive if the alleged transfer had not been made, also citing *In re Davis*, 734 F.2d 604 (cited supra, as *Gower v. Ford Motor Credit Company*); *In re Arnett*, 17 B.R. 912 (D.C.Tenn.1982); and *In re Arnett*, 13 B.R. 267 (Bkrtcy.Tenn.1981), holding that "Defendant at no time relinquished its security interest in debtor's property. Debtor's interest was merely transferred from one obligation of debtor to a rewrite of that obligation, which re-write also included an unsecured antecedent debt of debtor...."

I am constrained to agree with the Bank that all of the elements of a voidable preference under § 547(b)(5)(B) are not established by the facts as to the original balance due prior to the "rewrite." The security interest of the Bank is valid to defeat the Trustee's avoidance powers as to the original loan balance. The new lien, however, is avoidable as to the unsecured MasterCard balance added. There was not in the latter respect a "contemporaneous exchange for new value", regardless of when the security interest was finally perfected under the Ohio law. As opined by this court in *Butz v. Pingel*, 17 B.R. 236 (Bkrtcy.Ohio 1982) and cited with approval in the *Arnett* case, 731 F.2d at p. 364, the first inquiry is the intention of the parties. On the facts *sub judice* the parties did not intend a contemporaneous exchange as to the antecedent unsecured debt.

As to the original secured loan, however, the Bank did not receive more than such creditor would receive if the transfer had not been made. § 547(b)(5)(B). On May 25, 1984, the Debtor owed a secured debt of $1452.32 on the May 5, 1983 promissory note secured by collateral then worth $1000.00. In connection with the May 25, 1984 note, an additional unsecured loan in the amount of $689.43 was added. The title was delivered to the clerk on or about June 15, 1984. The cancellation of the lien noted on the Certificate of Title for the 1983 secured loan made May 25, 1984, and the notation of the substituted lien for the May 25, 1984, rewrite both were entered by the Clerk of Courts on June 27, 1984. This ministerial function by the Clerk as such did not effect an enhancement of either the secured or the unsecured debts.

Accordingly, neither the "enabling loan" exception nor the "contemporaneous exchange" exception is decisive herein. 11 U.S.C. § 547(c)(1) does not protect a lien securing an enabling loan from avoidance and a preference if all of the elements of a preference are otherwise proven and the lien was perfected beyond the ten-day

grace period allowed by § 547(c)(3). All of the elements of a preference are not established herein, nevertheless, as to the "rewrite" portion of the already secured loan. The release of one lien and the perfection of the superceding lien were intended by the parties to be and were simultaneous. A searching of the records by a theoretical third party subsequent execution creditor would have so revealed the nature of the replacement loan (not counting the incorporated unsecured portion herein excepted).

In conclusion, the lien of the Bank is avoided only as to the unsecured Master-Card debt in the amount of $689.43 as added by the promissory note executed and delivered May 25, 1984. The lien noted on the vehicle Certificate of Title is secured to the extent of $1000.00, the value of the collateral at the time of the substituted lien. For the purposes of distribution under the confirmed Chapter 13 Plan, the claim should be considered as secured for only $800.00, the valuation upon filing for relief.