In re Reece SILVE, Jr. Maryanne Silve, Debtors.

Bankruptcy No. 87–20653.

United States Bankruptcy Court, D. Montana.

May 20, 1988.

James J. Screnar, Bozeman, Mont., for debtors.

Dunlap & Caughlan, Butte, Mont., trustee.

Janice K. Whetstone, Bozeman, Mont., for Bank of Sheridan.

Richard J. Andriolo, Bozeman, Mont., for Reece Silve, Sr.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 7 case, the Debtor's father Reece Silve, Sr. has moved the Court for an order directing the Trustee to pay over to Silve, Sr. the sum of $23,000.00 for cash loans made by the father to his son for farm expenses for the 1987 crop. The Trustee and two unsecured creditors, as well as a secured creditor, Bank of Sheridan, resist the motion on grounds the perfection of the security instrument was a preference, which leaves Silve, Sr. as an unsecured creditor. The facts are not in dispute.

On May 8, 1987, the Debtor executed a promissory note for $65,000.00 to his father, together with a security agreement in all 1987 crops. The loan was for the purpose of the Debtor to pay his share of the farm expenses for the 1987 crop year. A financing statement was also executed on May 8, 1987, but was not perfected by filing with the Montana Secretary of State until August 20, 1987. The Debtors' petition in bankruptcy was filed on October 7, 1987, within 90 days of the perfection of the security agreement. It is unquestioned that from May 6, 1987, through December 9, 1987, Silve, Sr., advanced $65,457.86 to his son and the Trustee presently has in her possession $34,000.00 derived from the sale of the 1987 crop. Silve, Sr. concedes his security interest in the crop proceeds was not perfected under Montana law, § 30–9–302, Mont.Code Ann., until August 20, 1987. Silver, Sr. contends under § 547(c)(2), payments totaling $23,000.00 were made within 45 days of perfection in the ordinary course of business. Thus, Silve, Sr., tacitly admits that a preference under § 547(b) in fact occurred, but that his advances from July 6, 1987, are excepted under § 547(c)(2). The Trustee in her skeleton response without brief claims the security interest in the crop proceeds were not perfected under 547(c)(3), which requires perfection within 10 days of the execution of the security agreement.

The filing of the U.C.C.–1 financing statement on August 20, 1987, created a preference. *In re Wind Power Systems, Inc.*, 841 F.2d 288, 290–293 (9th Cir.1987), holds:

"Among the powers of the trustee in bankruptcy is the power to avoid, and to reclaim for the benefit of the debtor's estate, most (1) transfers (2) of an interest in property of the debtor (3) to or for the benefit of a creditor (4) on account of an antecedent debt (5) made within ninety days of the filing of the petition in bankruptcy (6) made while the debtor was insolvent—presumptively, within ninety days of the filing of the petition in bankruptcy. 11 U.S.C. § 547(b). A transfer is preferential only if it satisfies all six elements. *Miller v. Wells Fargo Bank*, 406 F.Supp. 452, 463 (S.D.N.Y. 1975), aff'd, 540 F.2d 548 (2d Cir.1976). Section 547 aims to prevent fraudulent transfers by the debtor as bankruptcy looms imminent, and to provide an orderly collective action and distribution among creditors instead of a race to grab the debtor's assets. In a Chapter 11 proceeding, this also gives the trustee a chance to reorganize the debtor's business affairs and to retain what assets the debtor may need to run its business efficiently.

The Trustee has the burden of proving the avoidability of such a transfer. 11 U.S.C. § 547(g).

\*　　\*　　\*　　\*　　\*　　\*

Under Section 544, the Trustee stands in the shoes of a hypothetical lien creditor whose lien arose on the day the bank-

ruptcy petition was filed. With this 'strong-arm' power, she may avoid and recapture for the debtor's estate any junior claim. Thus, the security interest of a creditor who has not perfected is defeated by the Trustee's section 544 power and relegated to the status of an unsecured debt. A secured creditor who has timely perfected retains its interest in the bankrupt's estate, and may look first to any collateral in which its security interest has priority.

Section 544 preserves within the bankruptcy proceeding the equities among creditors that existed outside bankruptcy. It freezes the relative positions of secured and unsecured creditors at the time of the filing, reducing the incentive to file a strategic bankruptcy petition, and awarding the diligent creditor. *See generally* T. Jackson, *Logic and Limits of Bankruptcy*, 68–88. The Bankruptcy Code looks to state law to determine the effect and validity of such liens. *McKenzie v. Irving Trust*, 323 U.S. 365, 370, 65 S.Ct. 405, 408, 89 L.Ed. 305 (1945)."

A preference does not occur when there is contemporaneous exchange for new value as provided in § 547(c)(1). In *In re Northwest Erection, Inc.*, 56 B.R. 612, 1 Mont.B.R. 305, 308 (Bankr.Mont.1986), this Court, following *In re Arnett*, 731 F.2d 358 (6th Cir.1984), *Gower, Trustee, v. Ford Motor Credit Company*, 734 F.2d 604 (11th Cir.1984), and *Matter of Vance*, 721 F.2d 259 (9th Cir.1983), held:

"I am bound by the law of this circuit which clearly holds that the perfection of the security interest must be made within 10 days [of the execution of the security agreement] in order to rely on the contemporaneous exchange exception to the preference rule."

The argument of Silve, Sr. that he is entitled to all payments within 45 days is outmoded because Section 547(c)(2) was amended in 1984 to eliminate the 45 day rule contained in the 1978 Code. Bankrupt-

cy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353. Second, the ordinary course of business exception applies only when the Trustee seeks to recover payments made by the debtor within 90 days on transactions which are due and payable in the ordinary course of business. The language of § 547(c)(2) explicitly states that the "transfer was in payment of a debt incurred by the debtor * * *". In the case *sub judice*, the payments were made by Silve, Sr. as part of his loan to his son. There was no payment in the ordinary course of business from the Debtors to Silve, Sr. as transferee. 4 *Collier on Bankruptcy*, ¶ 547.10, pp. 547–22 to 24 (15th Ed.). The exception does not apply to the facts in this case.

I conclude therefore that the funds held by the Trustee from the sale of the 1987 crops are not subject to any valid security instrument of Reece Silve, Sr.[1]

IT IS ORDERED the motion of Reece Silve, Sr. for release of funds is denied.

---

1. The Bank of Sheridan claims it has a valid security interest in the funds. That creditor was granted relief from the stay to take other collateral which value exceeded its debt. After the order, the Bank and the Debtors attempted to agree on allowing the Debtors to continue to use the collateral. This Court has voided the order releasing the stay and directed the Trustee to sell the collateral and satisfy the Bank's obligation.