**In re Neil Philip BERMAN, Debtor.**

**William ROEMELMEYER, Trustee, Plaintiff/Appellant,**

v.

**D.M.B. CORPORATION and David M. Berman, Defendants/Appellees.**

**No. 88–0687–CIV.**

United States District Court, S.D. Florida, Miami Division.

Jan. 25, 1989.

Arthur S. Weitzner, Weitzner & Russo, Miami, Fla., for plaintiff/appellant.

Michael A. Frank, Frank, Schmitt & Frank, P.A., N. Bay Village, Fla., for defendants/appellees.

## ORDER REVERSING AND REMANDING DECISION OF BANKRUPTCY COURT

NESBITT, District Judge.

THIS CAUSE is before the Court upon the appeal by William Roemelmeyer, trustee, from the decision of the United States Bankruptcy Court dated March 18, 1988.

### I. FACTS

The pertinent facts are not disputed. The debtor, Neil Philip Berman, filed for relief under Chapter 7 of the Bankruptcy Code on August 6, 1987, at which Plaintiff Roemelmeyer was appointed as trustee. On January 20, 1987, the debtor had borrowed $18,500 from Defendant D.M.B. Corporation to purchase household furnishings. On February 13, 1987,[1] the debtor

created a security interest in favor of D.M. B. Corporation which was timely perfected. The debtor used the loan proceeds to purchase household goods and furnishings, and the security interest governed the goods bought on February 13, 1987.

Subsequently, the debtor made payments on the loan totalling $3,364.00 on various dates prior to the Chapter 7 filing. The Plaintiff filed a complaint in Bankruptcy Court claiming that the creation of the security agreement constituted a voidable preference pursuant to § 547(b) of the Bankruptcy Code. On March 18, 1988, the Bankruptcy Court held that the security agreement between the parties was not a voidable preference, because the debtor had qualified for the exception created in § 547(c) of the Bankruptcy Code (the "enabling loan" exception). From that finding the trustee appeals.

### II. DISCUSSION

The Bankruptcy Court found that § 547(c)(3) qualified the transaction as an "enabling loan," thus rejecting the trustee's position that the security agreement was voidable as a preference. Section 547(c)(3) provides that a trustee may not avoid a transfer

(3) that creates a security interest in property acquired by the Debtor—

(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected on or before 10 days after the debtor receives possession of such property.

The thrust of Plaintiff's position is that the Defendant is unable to demonstrate

---

1. The Plaintiff states in his brief that the security agreement was signed on February 12, 1987. The one-day discrepancy between the Bankruptcy Court and the Plaintiff, however, is not legally significant.

that the statutory requirements to qualify the transaction as an "enabling loan" were met because the $18,500 was borrowed *prior* to the execution of the security agreement. Thus, Plaintiff primarily challenges the Bankruptcy Court's finding that the requirements of § 547(c)(3)(A)(i) have been met. That section provides that a trustee may not avoid a transfer that creates a security interest in property acquired by the debtor "to the extent such security interest secures new value that was (i) given *at or after* the signing of a security agreement that contains a description of such property as collateral." (emphasis added). Thus, Plaintiff argues that because the loan was made twenty-two (22) days prior to the signing of the security agreement, the time requirement of § 547(c)(3)(A)(i) has not been met.

This Court must decide whether Congress intended that a Security Agreement be created *before* the loan is made (as Plaintiff contends), or whether it contemplated situations where a debtor would purchase property after securing a loan and *later* a security agreement would be created (as Defendant argues).

The Bankruptcy Court relied heavily on a passage from the legislative history of the Code, which states:

> The third exception is for Enabling Loans in connection with which the Debtor acquires the property that the loan enabled him to purchase *after* the loan is actually made.

H.R. No. 95–595, 95th Congress, First Session 373 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6329 (emphasis added by Bankruptcy Court).

The Bankruptcy Court concluded that, based on the above comment, Congress contemplated situations in which security agreements were signed after loans were made. This Court disagrees. The plain language of the statute provides that the value advanced to the debtor must have been "given *at or after* the signing of a

security agreement ..." That language is clear and unambiguous, and must be interpreted accordingly.

The Bankruptcy Court's reliance on the legislative comment is flawed. Apparently, all that Congress intended to convey by that comment was that a debtor may obtain a loan simultaneous to executing a security agreement, and later use the loan proceeds to purchase the property. It did not by this comment imply that the security agreement may be created *after* the loan is made. Indeed, such a statement would *directly* contradict § 547(c)(3)(A)(i)'s language. *See* Murphy, *Creditors' Rights in Bankruptcy*, § 10.16 ("[t]he loan must not predate the security agreement"); Lebowitz, *Bankruptcy Deskbook*, at 243 ("the security agreement ... must be signed at the time or before the loan is made").

The closest case on point to the case at bar is *In re Damon*, 34 B.R. 626 (D.Kan. 1983). There, the bankruptcy court addressed the requirement of § 547(c)(3)(A)(i), and held that the trustee, under the circumstances, could avoid the security interest in three vehicles, as the security interest in them was created two months, 45 days, and 25 days, respectively, after the loan was made. However, the bankruptcy court in its analysis incorrectly considered whether the security agreements—admittedly consummated after the loans were made— were "substantially contemporaneous exchanges." The Eleventh Circuit has rejected application of the § 547(c)(1) contemporaneous loan exception to § 547(c)(3) enabling loans. *In re Davis*, 734 F.2d 604 (11th Cir.1984). As the Eleventh Circuit noted, "application of the contemporaneous loan exception to enabling loans would render § 547(c)(3) virtually meaningless." *In re Davis*, 734 F.2d at 607.[2]

Finally, the Bankruptcy Court based its conclusion in part because it found that this transaction was not an unsecured loan during the period of January 20—when the debtor borrowed the money—to February

---

**2.** Moreover, cases which have interpreted § 547(c)(3)(B)'s "perfection" provision have arisen in factual postures in which the security agreement was signed *at the time* the loan was

given. *See, e.g., In re Tressler*, 771 F.2d 791 (3d Cir.1985); *Ledford v. Society Bank*, 51 B.R. 482 (S.D.Ohio 1985).

13, 1987—the day the debtor signed the security agreement. The Bankruptcy Court found that, based on evidence presented, although the security agreement was not signed until February 13, 1987, the $18,500 was deposited into a real estate agent's escrow account, earmarked for the purpose of purchasing a condominium and household furnishings. The Bankruptcy Court found the loan to be secured because the evidence demonstrated that the funds were deposited into the real estate escrow account "for the sole purpose of buying the household furnishings." However, the Bankruptcy Court found that the real estate agent would not accept a check from the Defendant, but rather only from the Debtor. Therefore, the deposit was the property of the Debtor for the twenty-two (22) days before closing, and had bankruptcy intervened prior to closing, the trustee would have received the funds. *See* 11 U.S.C. § 542. In any event, this Court is unwilling to depart from the unambiguous language of the statute requiring that a security agreement be signed at the time or before a loan is made. If Congress intended to exempt from § 547(c)(3)'s reach those transactions in which loan proceeds are placed in escrow to be dispersed at the time of real estate closings, it is the function of Congress and not of this Court to carve such an exception.

In light of the foregoing, it is hereby

ORDERED and ADJUDGED that the decision of the Bankruptcy Court is REVERSED. This matter is REMANDED to the Bankruptcy Court so that it may enter an Order in accordance with this Court's finding that the Defendant did not, as a matter of law, demonstrate the requirements of an enabling loan, thus entitling the trustee to avoid the $18,500 transfer, and to afford any other appropriate relief consistent with this Order.