**In re James Steven CLEVELAND, Debtor.**

**No. 86-07202.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

March 27, 1987.

[redacted]

[redacted]

[redacted]

C. Edwin Rude, Jr., Tallahassee, Fla., for debtors.

Robert E. Gibson, Tallahassee, Fla., for trustee.

## ORDER ON OBJECTION TO CLAIM AND MOTION TO COMPEL TURN OVER OF PROPERTY

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing upon the trustee's objection to claim and motion seeking to compel General Motors Acceptance Corporation (GMAC) to turn over to the trustee title to a 1986 Nissan. The matter having been submitted to the Court on the basis of a Partial Stipulation of Facts and the deposition of Mrs. Joyce Hilton, and the Court having heard argument of counsel and being otherwise advised in the premises, finds that the trustee's objection and motion should be denied.

The facts as shown in the record reflect that within the ninety (90) day preference period under Section 547 of the Bankruptcy Code, the debtor purchased the Nissan from Courtesy Corporation, Inc. Tallahassee, Florida, giving GMAC a purchase money security interest therein. Within ten (10) days of the September 15, 1986, sale of the vehicle and creation of the security interest, and in accordance with routine procedures followed by the Leon County Tax Collector's office and by Courtesy Corporation, Inc., the application for certificate of title and vehicle registration for the Nissan purchased by the debtor and containing the notice of the lien of GMAC was delivered, together with other title applications, to the office of the Leon County Tax Collector. The application was submitted without the required application fees.

Upon receipt of the application on September 22, 1986, the Leon County Tax office prepared and maintained a log form reflecting the date of receipt of the title application, and began processing that application to the extent of computing the applicable titling fees for that particular vehicle together with all other vehicles submitted at the same time by the dealer. Thereafter, upon completion of that processing on September 29, 1986, the Leon County Tax office called Courtesy Corporation, Inc. to advise it of the total fees required for all transactions submitted at one time, and to request a check to cover those fees. This step in the processing occurred more than ten (10) days after the creation of the security interest; completion of the processing of the title application and recordation of that information in the central office of the Department of Highway Safety and Motor Vehicles did not occur until after receipt of the fees.

Courtesy Corporation, Inc. delivered its check to the Tax Collector's office on September 29, 1986, and the title information was recorded in the computers of the Department of Highway Safety and Motor Vehicles on October 1, 1986. Title information may be submitted to a fast title section of the Department of Highway Safety and Motor Vehicles and, for a higher fee, receive 72-hour service.

After resolving other defenses raised by GMAC to the trustee's motion, the sole issue remaining for determination by the Court in this proceeding is whether or not, pursuant to Section 319.27(3), Florida Statutes, and under the procedures followed by the Leon County Tax Collector's office, the lien of GMAC was perfected at the time the application for certificate of title reflecting the lien information thereon was received by the Leon County Tax Collector's office, or alternatively, perfected only upon receipt of the applicable fees. If the security interest was not perfected until the applicable fees were received and processing thereof completed, then the transfer of the security interest by the debtor to GMAC

within ninety (90) days of the petition for relief would constitute a preferential transfer not subject to the exception of § 547(c)(3). The security interest would thus be avoidable under Section 547 of the Bankruptcy Code.

The express language of Section 319.-27(3), Florida Statutes, provides that a security interest in a motor vehicle is perfected upon the filing of the notice of lien, and that the date of filing of the notice of lien is the date of its receipt by one of the offices designated for receiving such notices. The Leon County Tax Collector's office is one of the designated locations. That section does not specify that the applicable filing fees have to be tendered at the time of receipt of the notice of lien. Furthermore, F.S. § 319.32 setting forth the requisite fees to be charged for title processing and recordation does not specify that said fee shall be collected at the time of receipt of the notice of lien. The procedure followed by the Leon County Tax Collector's office and by Courtesy Corporation, Inc. appears to be one which has been established for the convenience of automobile dealerships and the Tax Collector's office. It is a procedure that is followed with many of the dealerships served by the Leon County Tax Collector's office and is a long standing practice. After receipt of the title applications with notice of lien thereon at the Tax Collector's office, processing of the application is begun by that office. This ultimately results in the information contained on the application being submitted to the central office of the Department of Highway Safety and Motor Vehicles, thus completing the process of recording the motor vehicle liens. Since the Tax Collector's office at the time of receiving the title applications affirmatively documents the date and time of receipt thereof and thereafter takes some steps Court that for the purposes of perfection of liens, the date of receipt is the first date on which the Tax Collector's office indicates it has received the title application with notice of lien, notwithstanding that the fees may be paid on a subsequent date after the amount of such fees have been calculated by the Tax Collector's office and the dealership notified of the amount thereof. Accordingly, it is hereby

ORDERED AND ADJUDGED that the trustee's Objection to Claim and Motion to Compel GMAC to Turn Over Property free of liens be, and it hereby is, denied.

DONE AND ORDERED.