In re Rebecca Kay SCOVIAC f/k/a Rebecca Kay Cannell f/k/a Rebecca Kay Dickey, Debtor.

**Bankruptcy No. 86–07143.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

June 12, 1987.

636

Robert E. Gibson, Tallahassee, Fla., for trustee.

C. Edwin Rude, Jr., Tallahassee, Fla., G.M.A.C.

R. Vinson Barrett, Tallahassee, Fla., for debtor.

## MEMORANDUM OPINION AND ORDER

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on to be heard upon the trustee's objection to claim and motion seeking to compel General Motors Acceptance Corporation (G.M.A.C.) to turn over to the trustee title to a 1986 Oldsmobile Cutlass Ciera. Although the underlying nature of this proceeding is the attempted avoidance of a preference and thus properly brought in an adversarial context, the parties hereto stipulated to submission of the facts and issues by way of the trustee's objection to claim and motion in the administrative case. The matter having been submitted to the Court on the basis of a Partial Stipulation of Facts and the deposition of Mrs. Joyce Helton, and the Court having heard argument of counsel and being otherwise advised in the premises, finds that the trustee's objection and motion should be sustained and granted.

## FACTS

The facts as shown in the record reflect that on April 12, 1986, the debtor purchased and took possession of the Oldsmobile from Courtesy Corporation of Tallahassee, Florida, giving G.M.A.C. a purchase money security interest therein. This transaction took place outside of the ninety (90) day preference period under § 547 of the Bankruptcy Code, the debtor having filed her Chapter 7 petition on July 17, 1986.

On April 25, 1986, thirteen (13) days after the sale of the vehicle and creation of the security interest, the application for certificate of title and vehicle registration for the Oldsmobile purchased by the debtor and containing the notice of the lien of G.M.A.C. was delivered to the office of the Leon County Tax Collector. On May 8, 1986, G.M.A.C.'s application was received by the Department of Highway Safety & Motor Vehicles. On May 19, 1986, a Certificate of Title was issued reflecting title in the name of the debtor and the lien of G.M.A.C. with a lien date of April 12, 1986.

■ Section 547(b) of the Bankruptcy Code empowers the trustee to avoid certain transfers of the debtor's interest in property occurring within ninety (90) days of the petition date. Section 547(c) sets forth certain exceptions to this avoidance power, one being the "enabling loan" exception:

§ 547(c) The trustee may not avoid under this section a transfer—(3) that creates a security interest in property acquired by the debtor—(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is *perfected on or before 10 days after* the debtor receives *possession* of such property; (emphasis supplied).

The transfer that *created* the security interest occurred on April 12, 1986, when the debtor gave the dealer and the dealer assigned to G.M.A.C. the purchase money security interest. Yet this transaction is not excepted by § 547(c)(3) in that it was not perfected under Florida law by receipt of the notice of lien by the tax collector's office until thirteen (13) days after the debtor received possession of the property. (See, Florida Statutes § 319.27 and *In re Perkins*, 73 B.R. 317 (Bkrtcy.N.D.Fla. 1987)).

■ Thus in accordance with § 547(e)(2), the transfer was made on April 25, 1986, within the ninety (90) day avoidable preference period:

(e)(2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; ...

\* \* \* \* \* \*

(3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

Neither arguing nor conceeding the Court's interpretation of § 547(c)(3) and applicability thereof to the facts of this case, G.M.A.C. contends that the exception of § 547(c)(1) protects this transaction from the trustee's avoidance powers:

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange. (referred to as the "contemporaneous exchange" exception).

This argument was likewise advanced and rejected in *Gower v. Ford Motor Credit Company*, 734 F.2d 604 (11th Cir.1984), wherein the Court stated: "The approach most consistent with legislative intent and the policies underlying the enactment of § 547(c) is that subsection (c)(1) is not available to protect security interests on enabling loans from avoidance. (*supra* at page 606 with case citations.)

■ Further, and despite the statutory language of § 547(b), G.M.A.C. asserts that during the period of April 12, 1986, to April 18, 1986, (the 90th day prior to the petition being filed), Florida law rather than the Bankruptcy Code was the controlling law. Florida Statutes § 679.301 states:

(2) If the secured party files with respect to a purchase money security interest before or within 15 days after the debtor receives possession of the collateral, he takes priority over the rights of a transferee in bulk or of a lien creditor which arise between the time the security interest attaches and the time of filing.

(3) A "lien creditor" means a creditor who has acquired a lien on the property involved by attachment, levy, or the like and includes an assignee for benefit of creditors from the time of assignment, and a trustee in bankruptcy from the date of filing of the petition or a receiver in equity from the time of appointment.

General Motors Acceptance Corporation contends that since its interest in the collateral was perfected within fifteen (15) days of the debtor's possession (specifically on April 25, 1986, the 13th day), it takes priority over the trustee who is a "lien creditor".

Florida Statute § 679.301 does not establish the perfection date for security interests in automobiles, but rather establishes a grace period for perfection of purchase money security interests in the context of priorities between the lender and an intervening lien creditor. This grace period is not a relation back provision which controls the date of transfer. Rather such date is controlled specifically and solely by § 547 of the Bankruptcy Code. (See, *Owen & McKesson v. Robbins Drug Co.*, 349 F.S.

1327 (D.C.1972) aff'd, 486 F.2d 1401 (5th Cir.1973). As further stated in *In re Davis, Gower v. Ford Motor Credit Company, supra* at p. 607: "The establishment of a ten day grace period was an effort to create a national uniform perfection period for enabling loans." Adoption of the state statutory priority provisions, including F.S. § 679.301 would wreak havoc on the stability engendered by § 547(e)(2)(B) of the Bankruptcy Code. The perfected security interest of G.M.A.C. in the debtor's Oldsmobile is therefor deemed subject to avoidance as a preference pursuant to Section 547 of the Bankruptcy Code. There is no exception or savings provision applicable to the facts herein.

In accordance herewith, it is

ORDERED AND ADJUDGED that the trustee's objection to the claim of G.M.A.C. as a secured creditor be, and it hereby is, sustained, and G.M.A.C. shall deliver to the trustee title to the debtor's automobile free and clear of its recorded lien. General Motors Acceptance Corporation's claim as an unsecured creditor herein shall be allowed.