In re Ruth Anne PERKINS, Debtor.

In re James Steven and Katherine Ann CLEVELAND, Debtors.

Nos. TCA 87–40068–MMP, TCA 87–40069–MMP.
Bankruptcy Nos. 86–07210, 86–07202.

United States District Court, N.D. Florida, Tallahassee Division.

April 20, 1988.

**710**

C. Edwin Rude, Jr., Tallahassee, Fla. for debtors.

Robert E. Gibson, Tallahassee, Fla., Trustee in Bankruptcy.

## FINAL ORDER

PAUL, District Judge.

This cause comes before the Court upon the trustee's appeal of the "order on objection to claim and motion to compel to turn over of property" rendered by the bankruptcy court on March 27, 1987 in the cases *In re: James Steven Cleveland,* 106 B.R. 707, and *In re: Ruth Anne Perkins,* 73 B.R. 317. In the proceedings below, the trustee sought to compel General Motors Acceptance Corporation ("GMAC") to turn over to the trustee, pursuant to 11 U.S.C. § 542, title to a 1986 Nissan (Case No. 86–07202) and a 1986 Chevrolet Cavalier (Case No. 86–07210). Because GMAC had failed to remit any filing fees with its title application until after the ten-day grace period set forth in 11 U.S.C. § 547, the trustee contended that GMAC failed to perfect its lien. Judge Killian disagreed and ruled that GMAC perfected its security interest by filing a title application with notice of lien at the Tax Collector's Office, notwithstanding its failure to remit any filing fee contemporaneously with the application. In this consolidated appeal, the trustee challenges the bankruptcy court's denial of his objection to GMAC's claim as a secured creditor and motion to compel turnover of the aforesaid property free of lien.

The facts are not in dispute. On September 15, 1986, Ms. Kelley, now Ms. Cleveland, purchased a 1986 Nissan and executed a retail installment sales contract which was subsequently assigned by the dealer to GMAC (Case No. 86–07202). On September 11, 1986, Ms. Perkins purchased a Chevrolet Cavalier and executed a retail installment sales contract which was subsequently assigned by the dealer to GMAC (Case No. 86–07210). The title applications with notice of lien were filed without remittance of fees by GMAC on September 22, 1986. It is clear that the title applications in these cases were made within ten days of the sales of the vehicles and the creation of the purchase money security interests. The requisite fees were submitted to the Tax Collector's office outside of the ten-day period on September 29, 1986.

Florida Statutes, Section 319.27 governs the issue of when perfection of the security interest occurred. That section provides in pertinent part:

> As applied to a determination of the respective rights of a secured party under this chapter and a lien creditor as defined by s. 679.301(3), or a nonpossessory statutory lienor, a security interest under this chapter shall be perfected upon the filing of the notice of lien with the department, the county tax collector, or their agents. The date of filing of the notice of lien shall be the date of its receipt by the department central office in Tallahassee, if first filed there, or otherwise by the office of the county tax collector, or their agents.

Fla.Stat. § 319.27(3). Relying on the express language of this section, the bankruptcy court determined that "a security interest in a motor vehicle is perfected upon the filing of a notice of lien, and that the date of filing of the notice of lien is the date of its receipt by one of the officers designated for receiving such notices." The bankruptcy judge further noted that the section governing fees and service charges does not require that fees be collected at the time of receipt of the notice of lien. Fla.Stat. § 319.32. Applying the language of the statute to these cases, Judge Killian concluded that the date of receipt was the date on which the Tax Collector's office first received, as documented by date and time, the title application with notice of lien.

After consideration of the briefs filed, the record and its own independent research, this Court hereby AFFIRMS the

decision of the bankruptcy court based on the reasoning set forth in its order of March 27, 1987 and, in particular, its reliance on the plain language of Section 319.27(3) of the Florida Statutes as set forth above.

DONE AND ORDERED.