**In re Steven Thomas HOLDER, Debtor.**

**Bankruptcy No. B–87–02294 C–13.**

United States Bankruptcy Court, M.D. North Carolina.

April 29, 1988.

---

Kathryn L. Bringle, Winston–Salem, Standing Trustee.

Thomas W. Waldrep, Jr., Womble Carlyle Sandridge & Rice, Winston–Salem, for Wachovia Bank & Trust Co.

## MEMORANDUM OPINION

JERRY G. TART, Bankruptcy Judge.

THIS MATTER came on for consideration upon the motion of the Chapter 13 Standing Trustee for avoidance of a lien on a motor vehicle pursuant to 11 U.S.C. section 547. The creditor, Wachovia Bank & Trust Company, N.A., filed an objection to the Trustee's motion and tendered for the Court's consideration a Memorandum of Law in support of that objection. At the hearing on the matter this Court heard arguments of counsel and rendered its decision from the bench reserving the right to file a Memorandum Opinion in support of its decision if the matter was appealed by either party. After considering the applicable federal bankruptcy law, the Memorandum of Law filed by Wachovia, the recommendation of the Chapter 13 Standing Trustee, the official court file, and the arguments of counsel at the hearing on the matter, the Court does herewith make its findings of fact and conclusions of law.

## FINDINGS OF FACT

Steven Thomas Holder filed his petition for relief under Chapter 13 of the Bankruptcy Code on November 2, 1987. Wachovia Bank & Trust Company, N.A. filed a secured proof of claim in the amount of $14,214.92 based upon a note and security agreement executed July 24, 1987, for the purchase of a 1987 Dodge Dakota truck. Attached to its proof of claim was the certificate of title to the truck showing that the lien on the vehicle was perfected by Wachovia on August 12, 1987. After reviewing the documentation provided with Wachovia's proof of claim, the Trustee proposed to avoid Wachovia's lien on the vehicle and allow Wachovia's claim as an unsecured claim under the Chapter 13 plan of the debtor. Upon Wachovia's verbal objection to this classification, the Trustee filed a motion to avoid the lien of Wachovia pursuant to 11 U.S.C. section 547 as a preferential transfer.[1]

## ISSUES

The threshhold issue in this case is whether, despite the federally mandated

---

1. This Court is mindful that Bankruptcy Rule 7001 establishes adversary proceedings as the proper method to determine the validity, priority, or extent of a lien or other interest in property; however, it has been the practice of this Court in the interest of time, expense and justice to allow the Chapter 13 Standing Trustee to avoid liens upon motion to the Court, providing adequate notice and opportunity to be heard and there is no objection. The creditor, Wachovia, raised no objection to this procedure.

10–day grace period found in 11 U.S.C. 547(e)(2), the 20–day grace period allowed under North Carolina Gen.Stat. 25–9–301(2) for the perfection of purchase money security interests would cause the lien placed on the vehicle August 12, 1987, to relate back to the purchase date of July 24, 1987.

The second issue raised by Wachovia is whether the execution of a security agreement and perfection of a lien on a vehicle constitutes a "contemporaneous exchange" within the meaning of 11 U.S.C. section 547(c)(1).

Finally, after reviewing the aforementioned exceptions or defenses to section 547, this Court must determine whether the transaction was in fact a preferential transfer under 11 U.S.C. section 547(b).

## CONCLUSIONS OF LAW

The Chapter 13 Standing Trustee filed this motion to avoid a lien held by Wachovia Bank & Trust Company, N.A. as a preferential transfer pursuant to 11 U.S.C. section 547(b). The purpose behind section 547(b) is to facilitate a policy of equality of distribution among creditors of the debtor. Although sometimes harsh in its application, the guidelines provided by the Bankruptcy Code in section 547(b) must be strictly followed to prevent a depletion or diminution of the debtor's estate to the benefit of one creditor and the detriment of all others.

The Trustee may avoid as a preference any transfer of property of the debtor,

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition ...;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

·(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. section 547(b) (Collier on Bankruptcy 1988).

The first element of a preference is a "transfer to or for the benefit of a creditor." In the instant case the "transfer" was the creation of the security interest given by the debtor to Wachovia.

The second element of a preference is that the transfer be "for or on account of an antecedent debt." In order to determine whether the transfer was made for an antecedent debt the date of transfer must be determined. Under the Bankruptcy Code the date of transfer is determined with reference to the date the security interest is "perfected." 11 U.S.C. section 547(e)(2) (Collier on Bankruptcy 1988); *In re Millerburg*, 61 B.R. 125, 127 (Bkrtcy.E. D.N.C.1986); *In re Murray*, 27 B.R. 445, 447 (Bkrtcy.M.D.Tenn.1983). The Bankruptcy Code provides that if the security interest in personal property is perfected within ten days after the creation of the security interest, then the date of transfer is considered to be the date of creation of the security interest, when the transaction took effect between the parties. If, however, a security interest is perfected after ten days, the transfer is considered to have been made on the date of perfection. 11 U.S.C. section 547(e)(2)(A) and (B) (Collier on Bankruptcy 1988). Furthermore, perfection occurs when a creditor cannot acquire a judicial lien that is superior to the lien of the transferee. 11 U.S.C. section 547(e)(1)(B) (Collier on Bankruptcy 1988). Thus, the time of transfer is determined by reference to the federal law prescribed by the Bankruptcy Code in section 547(e)(2). That section determines the date of transfer based upon when perfection of the lien occurred.

■ The time of perfection is a question of state law. In North Carolina, unless an application for the notation of a security interest is delivered to the Division of Motor Vehicles within ten days after the date of the security agreement, the security interest is perfected as of the date of deliv-

ery of the application to the Division. N.C. Gen.Stat. section 20–58.2 (Michie 1983). *In re Millerburg*, 61 B.R. 125, 127 (Bkrtcy.E. D.N.C.1986). Therefore, in order for the date of perfection to relate back to the purchase date or date of creation of the security interest, proper application must be made to the Division of Motor Vehicles on or within ten days from the date of purchase.

Wachovia erroneously relies on N.C.Gen. Stat. section 25–9–301(2) as the North Carolina statute governing the perfection of security interests in motor vehicles. That statute does not establish the perfection date for security interests in vehicles, but rather establishes a grace period of 20 days after the debtor receives possession of the collateral for perfection by filing of purchase money security interests in personal property. N.C.G.S. section 25–9–301(2) (Michie 1986). N.C.Gen.Stat. section 25–9–302(3)(b) expressly excludes the application of the filing provisions of the Uniform Commercial Code as codified in North Carolina under section 25–9–301(2) to security interests in property subject to a statute which requires indication on the certificate of title of the security interest in the property. N.C.Gen.Stat. section 25–9–302(3)(b) (Michie 1986). Hence, with reference to vehicles subject to registration with the Division of Motor Vehicles, the provisions of G.S. section 20–58 *et seq.* are the exclusive statutory authority governing the perfecting of security interests in motor vehicles. *Ferguson v. Morgan*, 282 N.C. 83, 191 S.E.2d 817 (1972); *Bank of Alamance v. Isley*, 74 N.C.App. 489, 328 S.E.2d 867 (1985).

Wachovia further relies on the decision by the Honorable Ralph H. Kelley of the United States Bankruptcy Court for the Eastern District of Tennessee in *In re Burnette*, which held that the 20–day grace period provided by the Tennessee statute for determining the time of perfection was applicable in bankruptcy cases despite the 10–day limit provided by 11 U.S.C. section 547(e)(2). *In re Burnette*, 14 B.R. 795 (Bkrtcy.E.D.Tenn.1981). This is a minority position and other courts examining this issue have determined that even timely per-

fection under state law does not necessarily provide protection from the creation of a possible preference under the Bankruptcy Code. *In re Scoviac*, 74 B.R. 635 (Bkrtcy. N.D.Fla.1987); *In re Murray*, 27 B.R. 445 (Bkrtcy.M.D.Tenn.1983); *Matter of Christian*, 8 B.R. 816 (Bkrtcy.M.D.Fla.1981). This same majority of courts has determined that state law is appropriate for determining the date of perfection, however, the date of transfer is governed by the provisions of section 547. The state grace period is not a relation back provision which controls the date of transfer, but rather, the date of transfer is exclusively controlled by 11 U.S.C. section 547(e)(2). *In re Scoviac*, 74 B.R. 635, 637 (Bkrtcy.N. D.Fla.1987), citing, *Owen v. McKesson & Robbins Drug Co.*, 349 F.Supp. 1327 (N.D. Fla.1972) aff'd 486 F.2d 1401 (5th Cir.1973). Therefore, even assuming *arguendo*, that North Carolina provided a 20–day grace period for filing purchase money security interests in motor vehicles, this grace period would not govern the date of transfer, but merely the date of perfection under state law. This Court would still be forced to apply section 547(e)(2) to determine the date of transfer. A creditor can perfect its interest in collateral creating a lien thereon by filing at any time, and that lien will be good as to other subsequent lienholders in a state court proceeding. However, if that lien is not perfected within the 10–day window allowed by section 547(e)(2) and that creditor finds itself entangled in a bankruptcy proceeding in a federal Bankruptcy Court, that lien is avoidable by the Trustee in bankruptcy as a preference.

In the instant case, the security interest was created on July 24, 1987, at the time the debtor executed the note and security agreement to Wachovia Bank & Trust Company. That security interest was perfected by Wachovia filing for notation of a lien with the Division of Motor Vehicles on August 12, 1987. The date of perfection according to N.C.Gen.Stat. section 20–58.2 is August 12, 1987. The date of perfection governs the date of transfer under section 547(e)(2). Since "perfection" falls outside the 10–day relation back period allowed by

the Bankruptcy Code and the North Carolina statute, the "transfer" also falls outside this period and is on account of an antecedent debt.

The third and fourth elements of a preference are interrelated in the instant case. In order to avoid a transfer as preferential the Trustee must show that the transfer was "made within 90 days of the filing of the bankruptcy petition" and that the debtor was "insolvent." 11 U.S.C. section 547(b)(3) and (4) (Collier on Bankruptcy 1988). However, if the transfer was made within 90 days of the filing of a bankruptcy proceeding, the Trustee's burden is lightened. There is a presumption of insolvency as to any transfer made within that 90–day period. 11 U.S.C. section 547(f) (Collier on Bankruptcy 1988). Since the transaction occurred on the date of perfection, August 12, 1987, the transfer falls within the 90–day period preceding the filing of debtor's Chapter 13 petition and debtor is presumed insolvent. There was no evidence offered or argument made to rebut this presumption.

The final element of a preferential transfer is that the transfer "enables the creditor to receive more than that creditor would have received under a Chapter 7 liquidation without the occurrence of the transfer." The transfer in question gave Wachovia a secured position which would enable them to receive considerably more than an unsecured creditor would receive under a proceeding under Chapter 7 of Title 11.

The Court finds that all elements of a preference are present in the instant case, and, therefore, Wachovia's security interest is avoidable unless the transaction comes within one of the savings provisions found in 11 U.S.C. section 547(c).

The Trustee argues that the only exception available to Wachovia is section 547(c)(3).[2] This exception is specifically designed to cover the situation where money is lent to acquire collateral, which collateral is used to secure the debt. This provision is the "enabling loan" exception and is applicable in the present case. The security interest was taken to secure new value at the time the agreement was signed, was taken to enable the debtor to obtain the vehicle, and actually resulted in acquisition of the vehicle. However, since Wachovia failed to perfect its security interest within 10 days after the security interest attached, the exception cannot apply to the case at bar. 11 U.S.C. section 547(c)(3)(B) (Collier on Bankruptcy 1988); *In re Scoviac*, 74 B.R. 635 (Bkrtcy.N.D.Fla.1987); *In re Murray*, 27 B.R. 445 (Bkrtcy.M.D.Tenn. 1983); *In re Davis*, 22 B.R. 644 (Bkrtcy.M. D.Ga.1982); *Matter of Christian*, 8 B.R. 816 (Bkrtcy.M.D.Fla.1981).

Wachovia asserts that 11 U.S.C. section 547(c)(1) is available as an alternative exception or defense to avoidance by the Trustee of a preferential transfer.[3] In support of this contention Wachovia relies on the litany of cases decided by the Honorable Ralph H. Kelley of the United States Bankruptcy Court for the Eastern District of Tennessee. Specifically, Wachovia cites *In re Burnette* as establishing that all of the exceptions found in section 547(c) compliment each other and are not exclusive. *In re Burnette*, 14 B.R. 795 (Bkrtcy.E.D. Tenn.1981). This Court cannot agree with the expansive application of the "contempo-

---

**2.** 11 U.S.C. section 547(c)(3) provides: The trustee may not avoid under this section a transfer—
  (3) of a security interest in property acquired by the debtor—
    (A) to the extent such security interest secures new value that was—
    (i) given at or after the signing of the security agreement that contains the description of such property as collateral;
    (ii) given by or on behalf of the secured party under such agreement;
    (iii) given to enable the debtor to acquire such property; and
    (iv) in fact, used by the debtor to acquire such property; and
    (B) that is perfected before 10 days after such security interest attaches.

**3.** 11 U.S.C. section 547(c)(1) provides: The trustee may not avoid under this section a transfer—
  (1) to the extent that such transfer was—
    (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
    (B) in fact, a substantially contemporaneous exchange.

raneous exchange" exception found in section 547(c)(1). The better, more well reasoned, and majority view is that section 547(c)(3) is the exclusive exception available to protect purchase money security interests from avoidance. *In re Scoviac,* 74 B.R. 635 (Bkrtcy.M.D.Fla.1987); *In re Millerburg,* 61 B.R. 125, 127 n. 2 (Bkrtcy.E.D. N.C.1986); *In re Arnett,* 731 F.2d 358, 362 (6th Cir.1984); *In re Murray,* 27 B.R. 445, 449 (Bkrtcy.M.D.Tenn.1983); *In re Davis,* 22 B.R. 644, 648 (Bkrtcy.M.D.Ga.1982); *In re Vance,* 22 B.R. 26, 27 (Bkrtcy.D. Idaho 1982) aff'd 721 F.2d 259 (9th Cir.1983); *In re Enlow,* 20 B.R. 480 (Bkrtcy.S.D.Ind. 1982); *In re Christian,* 8 B.R. 816, 819 (Bkrtcy.M.D.Fla.1981); *In re Meritt,* 7 B.R. 876 (Bkrtcy.W.D.Mo.1980). All of these courts have examined this issue and determined that an expansive reading of section 547(c)(1) renders section 547(c)(3) meaningless and devoid of any useful application. An interpretation such as Judge Kelley's of section 547(c)(1)'s "contemporaneous exchange" exception consumes the enabling loan provision found in section 547(c)(3). *Id.* It does not, as previous courts have suggested, give creditors "two bites at the apple," but rather extends the length of time those creditors may enjoy the flavor of the apple by seasoning it with contemporaneity.

■ Upon examination of the legislative history surrounding the "contemporaneous exchanges" exception the majority of courts have found the legislative intent was to address the problems involving bank checking account transactions, where the parties did not intend such contemporaneous transfers to be credit transactions though they literally might be considered such. *Id.* In further support of the legislative history on the intent of Congress when drafting this section is the statutory construction of the section itself. A statute should not be interpreted by a court so as to render one part of the statute inoperative, superfluous, or insignificant.[4]

In fact, a decision by Judge Kelley in the same year and which was "on all fours" with the *Burnette* case as well as the case at bar is *In re Arnett,* 13 B.R. 267 (Bkrtcy. E.D.Tenn.1981). In that case, Judge Kelley refused to set aside a security interest in the debtor's vehicle as a preferential transfer despite a delay of 33 days in the perfection of the security interest. Judge Kelley used the same line of reasoning in that case in finding that there was a substantially contemporaneous exchange under 11 U.S.C. section 547(c)(1), thus excepting the transfer from the trustee's avoidance powers. This decision was taken to the 6th Circuit Court of Appeals and reversed, thereby overruling Judge Kelley's line of cases holding the contemporaneous exchanges exception found in section 547(c)(1) included transfers by security interests perfected beyond the 10 days allowed under section 547(c)(3). *In re Arnett,* 731 F.2d 358 (6th Cir.1984). Thus, not only does the greater weight of authority oppose the position taken by Wachovia, the minority position espoused by Wachovia has been specifically overruled. For this reason, this Court holds that the only exception available to Wachovia under section 547(c) is subsection (3). The contemporaneous exchange exception found in subsection (1) does not apply to enabling loans perfected outside the limited 10–day grace period provided by the Bankruptcy Code.

## CONCLUSION

The perfection of its security interest by Wachovia on August 12, 1987, was a preferential transfer made within the 90 days next preceding the filing of the debtor's Chapter 13 bankruptcy petition, which enabled Wachovia to receive more than that creditor would have received if this were a proceeding under Chapter 7 of title 11 and the transfer were never made. Therefore, the Trustee may avoid the lien on the vehicle of Wachovia in the amount of $14,- 214.92. The claim of Wachovia will be allowed in the debtor's Chapter 13 plan as a general unsecured claim. In order that

---

**4.** The longstanding maxim of statutory construction *"expressio unius est exclusio alterius"* stands for this principle. That is, where a statute provides for a certain remedy, all inconsistent remedies should be discounted. *In re Murray* at 449; *In re Davis* at 649.

the debtor not receive a windfall from the creditor's failure to timely perfect, the lien (transfer) hereby avoided is preserved for the benefit of the estate pursuant to 11 U.S.C. section 551. However, the debtor is authorized to convey the vehicle for a reasonable price and is required to pay to the Standing Trustee all proceeds from the sale of the vehicle in order that such funds might be disbursed to unsecured creditors pursuant to the plan in the case.