**Robert E. GIBSON, Trustee, Plaintiff,**

v.

**CHRYSLER CREDIT CORPORATION and Sandra Lee Witschy, Defendants.**

**Bankruptcy No. 88–9010.**

United States Bankruptcy Court, N.D. Florida, Tallahassee Division.

May 9, 1988.

Robert E. Gibson, Tallahassee, Fla., trustee.

William H. Hughes, III, Tallahassee, Fla., for Chrysler Credit Corp.

Michael A. Reichman, Monticello, Fla., for Sandra Lee Witschey.

## ORDER

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on to be heard upon cross-motions for summary judgment on the trustee's amended complaint for avoidance of a preferential transfer pursuant to § 547(b) of the Bankruptcy Code. The sole issue before the Court is whether under the circumstances of this case, the defendant/creditor perfected its security interest in the debtor's automobile within ten (10) days of the date the debtor took possession of the vehicle. Upon the following facts as stipulated to by the parties, the Court makes it's conclusions of law:

1) On May 18, 1987, Sandra Lee Witschy, a Jefferson County, Florida resident, purchased a new 1987 Dodge pickup truck, VIN number J87FL29EXHP091664 from Plantation Chrysler Plymouth Dodge, Inc. in Thomasville, Georgia.

2) As partial payment for the 1987 Dodge truck, Sandra Lee Witschy executed a retail installment contract on May 18, 1987 granting Plantation Chrysler Plymouth Dodge, Inc. a purchase money security interest in the vehicle. This contract was then assigned to Chrysler Credit Corporation who is now the holder of the contract.

3) Sandra Lee Witschy took possession of the Dodge truck on May 18, 1987.

4) Plantation Chrysler Plymouth Dodge, Inc. then mailed a package of documents relating to this sale to the Jefferson County tax collector. This package of documents included a manufacturer's statement of origin, a VIN verification on Plantation Chrysler Plymouth Dodge, Inc. letterhead, and an application for title and/or vehicle registration.

5) On May 26, 1987, the Jefferson County tax collector received this package of documents, including the application for certificate of title and/or vehicle registration on Sandra Lee Witschy's new Dodge truck. The receipt of these documents was recorded in the tax collector's handwritten log on May 26, 1987.

6) The application for certificate of title and/or vehicle registration included a written notation that Chrysler Credit Corporation held a lien on the vehicle.

7) The documents relating to the Sandra Lee Witschy sale which Plantation Chrysler Plymouth Dodge, Inc. mailed to the Jeffer-

son County tax collector were not accompanied by the filing fees and taxes necessary to process the application into the Department of Highway Safety and Motor Vehicles computer system.

8) The documents relating to the Sandra Lee Witschy Sale which Plantation Chrysler Plymouth Dodge, Inc. mailed to the Jefferson County tax collector did not include a vehicle identification number verification form (DHSMV Form 82042).

9) The Jefferson County tax collector had an employee inform Sandra Lee Witschy of the receipt of the documents, and held them for Sandra Lee Witschy until she came in and paid the filing fees and taxes necessary to process the application.

10) On August 27, 1987, Sandra Lee Witschy paid the sales taxes, filing fees, and late fees and delivered the executed VIN verification form (DHSMV Form 82042) to the Jefferson County tax collector's office. The paperwork was then processed and entered into the Department of Highway Safety and Motor Vehicles computer system on August 27, 1987.

11) On August 27, 1987, Sandra Lee Witschy filed bankruptcy.

12) On September 11, 1987, the title certificate bearing title number 44961071 was issued by the Department of Highway Safety and Motor Vehicles to Sandra Lee Witschy.

▉ Upon these facts, and as succinctly stated by the defendant, the dispositive issue herein is whether Chrysler's security interest was perfected when the application for title and/or vehicle registration was received by the Jefferson County tax collector on May 27, 1987, or when it was entered into the DHSMV computer after the requisite filing fees and taxes were paid on August 27, 1987. If Chrysler's security interest was perfected when it was received by the Jefferson County tax collector on May 27, 1987, Chrysler has a valid security interest in the automobile and the complaint must fail.

This identical issue has heretofore been determined by this Court in the case of *In re Perkins*, 73 B.R. 317 (Bankr.N.D.Fla. 1987), wherein it was held that in accordance with the express language of Florida Statutes § 319.27(3), the security interest is perfected upon the notice of lien being filed at a designated office (including the tax collector's office) and that the "filing" of the notice of lien is the date of its receipt at one of such designated offices. The Court noted that the tax collector's office affirmatively documents the date and time of receipt of the title application and that this constitutes a step toward processing of the application thus perfecting the lien, notwithstanding that the fees may be paid and processing completed at a later date. This Court further noted that the section governing fees and service charges does not require that fees be collected at the time of receipt of the notice of lien. Fla.Stat. § 319.32. Upon appeal, this Court was affirmed based upon its reasoning and the express language of Fla.Stat. § 319.27(3).

The trustee challenges the applicability of *Perkins* to the facts *sub judice* or alternatively contends that *Perkins* should be overturned. The deposition of Frances Walker, Jefferson County Tax Collector, which was admitted into evidence in support of the trustee's motion for summary judgment, was that she will not process an application without the fees. The testimony of Harlan Moore, Assistant Bureau Chief, Bureau of Title and Lien Services, was that in his opinion, until the county tax collector has all of the fees and it's entered into the computer system, which updates the master file, the lien has not been perfected. He stated that it was necessary that the tax collector have all pertinent documents along with the necessary fees before he can enter the information into the computer and that this procedure is without exception. The trustee urges this Court to re-determine the meaning of "filed" in light of this testimony and Florida Statutes §§ 319.23(1) and 319.23(7)(a).

Notwithstanding the trustee's argument, the applicable provision, § 319.27(3), is clear on its face and defines "filing" for purposes of lien perfection: "The date of filing of the notice of lien *shall be* the date

of its receipt ... by the Office of the County Tax Collector or their agents." (emphasis supplied). The statute leaves no room for judicial determination. The testimony of Mr. Moore is merely conclusory opinion, and thus unpersuasive although it and the testimony of Ms. Walker do reveal the existence a procedural anomaly with the statutory mandate, that is, the accepted procedure being to await all paperwork and fees prior to processing. The statute is complied with but timely processing is rendered impossible by accepted custom. Recognizing this anomaly, the Court shall nonetheless follow the *Perkins* case and leave the express statutory language to be legislatively addressed or the procedure to be administratively addressed.

 The trustee's final contention is that there can be no perfection of the lien until processed because there is no notice of the lien to third parties prior to that time. Yet under these circumstances, notice is irrelevant in that the ability of either the debtor or the dealer to effect a security transfer of the vehicle prior to the issuance of a certificate of title is restricted. The debtor who has purchased the vehicle has neither the Manufacturer's Statement of Origin nor a title certificate and does not have marketable title. *In the Matter of Canup Mechanical, Inc.*, 1 B.R. 703 (Bankr.M.D.Fla.1979). Florida Statutes § 319.22. Nor can the dealer create a lien upon the vehicle in favor of a third party. *Stroman v. Orlando Bank and Trust Co.*, 239 So.2d 621 (Fla. 4th DCA 1970). Thus the question of notice to potential lien creditors does not arise in this instance since the debtor did not have marketable title to which liens could attach. Had the tag office returned the application to the dealer instead of holding it for ninety (90) days waiting for the debtor to come in to pay the required fees, then the dealer could have taken appropriate measures to protect its interests at that time. However, the dealer depended on the debtor and the tag office to take the necessary steps to process the lien and title applications. The creditor will not be penalized in this situation, where events were effectively beyond its control.

Since the application was held by the tag office until the fees were paid and the application processed, the perfection is effective as of the date of its receipt in the tag office. It is therefore, in accordance with *In re Perkins,*

ORDERED AND ADJUDGED that the trustee's motion for summary judgment be, and it hereby is, denied. The motion of Chrysler Credit Corporation for summary judgment is hereby granted, and the transfer of the security interest to Chrysler Credit Corporation be, and it hereby is, declared to be nonavoidable as falling within the exception of § 547(c)(3) of the Bankruptcy Code.

DONE AND ORDERED.