**Robert E. GIBSON, Trustee, Plaintiff(s),**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION & Christina Ann Banks, Defendant(s).**

**Bankruptcy No. 88–9027.**

United States Bankruptcy Court, N.D. Florida, Tallahassee Division.

Aug. 31, 1989.

Robert E. Gibson, Tallahassee, Fla., for plaintiff.

C. Edwin Rude, Jr., Tallahassee, Fla., for defendants.

Robert E. Gibson, Trustee.

## MEMORANDUM OF OPINION

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

THIS MATTER was tried on August 9, 1989, on the complaint of Robert E. Gibson as trustee of this Chapter 7 estate of Christina Ann Banks, the debtor, to avoid an allegedly preferential transfer by the debtor of a lien on an automobile to GMAC. The case was tried on stipulated facts and thus resolution of the issues is based solely on the application of the law to the facts.

This case follows in a string of cases with somewhat similar facts involving automobile purchases by Chapter 7 debtors in which perfection of the purchase money lien occurred within ninety (90) days prior to the debtor filing a Chapter 7 petition for relief. See, *In re Perkins*, 73 B.R. 317 (Bankr.N.D.Fla.1987); *In re Scoviac*, 74 B.R. 635 (Bankr.N.D.Fla.1987); *In re Wommack*, 74 B.R. 638 (Bankr.N.D.Fla. 1987); *In re Witschy*, (unpub. opn), Case No. 88–9010 (Bankr.N.D.Fla.1988); and *In re Cleveland*, (unpub. opn), Case No. 86–07202 (Bankr.N.D.Fla.1987). While all of these cases have similar patterns, each case has had its own unique factual twist which makes the simple application of the provisions 11 U.S.C. § 547 difficult.

In this case, the debtor Christina Banks, filed her petition for relief under Chapter 7 on November 20, 1987. On August 28, 1987, within ninety (90) days of her petition, the debtor purchased from Bill Thomas Chevrolet a 1987 Chevrolet automobile and took possession of the automobile. At the time of purchase, the debtor executed an installment sales contract whereby she financed the purchase of the vehicle giving a security interest to Bill Thomas Chevrolet, Inc. On September 3, 1987, the installment sales contract was assigned to defendant GMAC.

At the time the automobile was sold to the debtor, Bill Thomas Chevrolet did not have title to it. The title history on the automobile maintained by the Department of Motor Vehicles for the State of Florida reflected that on the date of the purchase, record title to the automobile was in H.R. Bentley Company, Inc. of Orlando and that the automobile was encumbered by a lien in favor of GMAC. Record title was transferred by Bentley to Camaro Enterprises of Tampa, Florida on September 30, 1987. Camaro Enterprises is a licensed automobile dealer under the laws of the State of Florida. On October 5, 1987, the lien of GMAC was satisfied and on October 7, 1987, Camaro Enterprises reassigned the title to Bill Thomas Chevrolet. On October 9, 1987, Bill Thomas Chevrolet assigned title to the automobile to the debtor and pursuant to a power of attorney appointing Bill Thomas Chevrolet as her attorney-in-fact, Bill Thomas Chevrolet executed an application for title by purchaser which also contained a notice of lien, and delivered the documents to the Leon County Tag Agency for processing. Pursuant to Florida Statute § 319.27, receipt of this documentation at the local tag office perfected the lien given by the debtor to GMAC. *In re Perkins*, supra.

The trustee contends in this action that the delay in perfection of the lien given by the debtor, which perfection was accomplished within ninety (90) days prior to the filing of the petition for relief brings the transfer within the avoidance provisions of § 547 of the Bankruptcy Code as a preferential transfer. General Motors' position is that the lien given by the debtor Ms. Banks to GMAC and perfected on October 9, 1987,

merely replaced the pre-existing GMAC lien that encumbered the vehicle when Ms. Banks purchased it and that therefore there was in effect no transfer of an interest at the time of the perfection of the lien given by Ms. Banks.

While the issue of whether the lien of GMAC given by H.R. Bentley Co. survived the sale of the vehicle to Ms. Banks presents a very interesting and somewhat complex question, resolution of that question is not necessary to resolution of this case. Rather, this case involves purely an application of the provisions of § 547 of the Bankruptcy Code to the facts as set forth herein. Section 547(b) of the Bankruptcy Code (11 U.S.C. § 547(b)) provides as follows:

(b) except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor and property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

In this case the creditor, GMAC, is not an insider and accordingly the ninety (90) days is the applicable time period. Section 547(c) sets forth the exceptions to the trustee's avoidance power and provides in pertinent part

(c) The trustee may not avoid under this section a transfer—

. . . . .

(3) that creates a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected on or before 10 days after the debtor receives possession of such property;

The transfer of a security interest is made for purposes of § 547(c)(3) is deemed to have been made at the time the transfer takes effect as between the transferor and the transferee if perfection is accomplished within ten (10) days of such transfer, and is deemed to have been made at the time of the transfer if the transfer is perfected after the ten (10) days. Section 547(e)(2).

 Under the facts as agreed to by the parties, the debtor Christina Banks took possession of the automobile on August 28, 1987. At that time, she signed a retail installment sales contract thereby obligating herself to pay for the vehicle. The security interest given under the retail installment sales contract secured new value that was given to enable Ms. Banks to acquire the automobile, was in fact used by Ms. Banks to acquire the automobile, was given by her and the security agreement contained a description of the automobile as collateral. The lien given by Ms. Banks was not perfected in accordance with the laws of the State of Florida until October 9, 1987, well past the ten (10) days time period required under § 547(c)(3)(B). Thus, the transfer is not excepted from avoidance by § 547(c). Although GMAC raised in its pleadings that the transfer was also intended by the debtor and creditor to be a contemporaneous exchange for new value thus coming under the exception of § 547(c)(1)

that provision does not apply to "enabling loans" whereby the security interest is given to secure the purchase price of the collateral. *GOWER v. Ford Motor Credit Company*, 734 F.2d 604 (11th Cir.1984).

 Having determined that the exceptions in § 547(c) do not apply to the transfer, we must now examine the applicability of the avoidance provisions of § 547(b) to the transfer. It is clear that the granting of the lien was to or for the benefit of GMAC, a creditor, and that it was for or on account of the debt created by the debtor's execution of the installment sales contract prior to the perfection of the lien. Pursuant to § 547(f), the debtor is presumed to have been insolvent on and during the ninety (90) days immediately preceding the date of the petition, and no evidence has been submitted to rebut that presumption. The entire transaction to include the purchase by the debtor of the automobile occurred prior to ninety (90) days before the date of the filing of the debtor's petition. A review of the Chapter 7 case file of the debtor Ms. Banks indicates that exclusive of any recovery in this action, the trustee has collected only $1094.60 for distribution, against scheduled unsecured claims of $13,-801.00. Accordingly, the transfer of the lien to GMAC clearly would result in GMAC's receiving more as a result of the transfer than it would otherwise would have received as an unsecured creditor in a Chapter 7.

While GMAC argues that up until October 5, 1987, the debtor may have only had a limited interest in the vehicle subject to GMAC's previous lien, it is beyond question that on October 9, 1987, when the lien in question here was perfected, the debtor's right in the automobile was completely free of the pre-existing lien. The existence of the previous GMAC lien on the automobile was a completely fortuitous event and had no bearing on the transaction between Bill Thomas Chevrolet and the debtor. Furthermore, it is beyond argument that the debtor was, as of August 28, 1987, obligated to pay the purchase price for the automobile and that she took possession of the automobile on that same day. While avoid-

ance of GMAC's lien may produce a harsh result, such result is mandated by the clear language of § 547 of the Code. There are no exceptions to cover this particular set of facts which arise due to the dealer selling an automobile for which it had no title documents. In doing so, the dealer and GMAC exposed themselves to the risks associated with delay in transferring title to the purchaser and perfecting the lien. Accordingly, we find that the lien of GMAC is subject to avoidance under the provisions of § 547 of the Bankruptcy Code and any proceeds from the disposition of the automobile shall be remitted to the trustee in bankruptcy.

A separate order in accordance herewith will be entered.

DONE AND ORDERED.