In re Randell Lee SMALLWOOD, Vickie Lynn Smallwood, Debtors.

James R. WESTENHOEFER, Trustee, Plaintiff,

v.

PNC BANK; Randell Lee Smallwood and Vickie Lynn Smallwood, Defendants.

Bankruptcy No. 96–60357.

Adv. No. 96–6023.

United States Bankruptcy Court, E.D. Kentucky, Corbin Division.

Jan. 22, 1997.

James R. Westenhoefer, Richmond, KY, pro se.

Scott T. Rickman, Lexington, KY, for defendant PNC Bank.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court pursuant to an Agreed Order of Submission entered herein on December 6, 1996. The plaintiff and defendant PNC Bank ("the Bank") have submitted briefs. The defendant debtors did not file an answer herein and a Default Judgment was entered in regard to them on September 16, 1996. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

The Complaint, filed herein on July 16, 1996, alleges that the lien on the debtors' automobile constitutes a preferential transfer pursuant to 11 U.S.C. § 547 in that it was perfected thirty-one days prior to the debtors' filing of their bankruptcy petition herein, and does not conform to the "10–day rule" concerning attachment and perfection found in Kentucky Revised Statutes 186A.195(5). The Bank filed its Answer, Counterclaim and Crossclaim on September 6, 1996. This matter was originally set for trial on December 5, 1996, but the plaintiff and the Bank requested that the matter be taken under submission on the record. A Joint Stipulation of Facts was filed on November 26, 1996, and the Agreed Order of Submission was entered as set out above.

The Joint Stipulation set out the following facts:

"1. On April 3, 1996, joint debtor, Randell Lee Smallwood, purchased a used 1994 Chrysler Concord automobile at Madison

County Chrysler in Richmond, Kentucky and took possession of said vehicle on April 3, 1996,

2. On April 3, 1996, joint debtor, Randell Lee Smallwood, executed a Retail Installment Contract and Security Agreement granting the seller a lien on the vehicle. Said Retail Installment Contract and Security Agreement was subsequently assigned by the seller to PNC Bank. A copy of said Retail Installment Contract and Security Agreement is attached hereto as Exhibit "A".

3. On April 19, 1996, sixteen days after the above-referenced transaction, all proper documents and fees for lien notation and perfection were tendered to the Clay County Clerk in Manchester, Kentucky. Attached hereto as Exhibit "B" is a copy of the title lien statement for said vehicle showing that it was filed in the office of the Clay County Clerk on April 19, 1996 at 10:45 a.m. in File No. 961022.

4. The certificate of title for the subject vehicle was issued by the Kentucky Transportation Cabinet on May 2, 1996. Said certificate of title noted the lien of PNC Bank thereon and noted the filing date as being April 19, 1996. A copy of said certificate of title is attached hereto as Exhibit "C". Pursuant to KRS 186A.195(5), PNC Bank's lien was therefore perfected as of April 19, 1996.

5. The debtors filed for bankruptcy on May 20, 1996, thirty-one days subsequent to the perfection of PNC Bank's lien on the certificate of title to the subject motor vehicle.

6. For the purposes of this adversary proceeding, PNC Bank stipulates that the debtors were insolvent when their bankruptcy petition was filed.

The parties believe the issue to be resolved relates to the relationship between the attachment-perfection "ten day rule", as outlined in KRS 186A.195(5), and two exceptions under the preference statute, 11 U.S.C. 547(c)(1) and 11 U.S.C. 547(c)(3)."

These two exceptions provide respectively that the trustee may not avoid a transfer to the extent that it was a contemporaneous exchange for new value (§ 547(c)(1)), and to the extent that it secures new value given in connection with a security agreement to enable the debtor to acquire the collateral, and perfected on or before 20 days after the debtor receives possession of the property (§ 547(c)(3)).

The Court agrees with the plaintiff that 11 U.S.C. § 547(c)(1) is not applicable herein. As stated in *Matter of Tressler,* 771 F.2d 791 (3rd Cir.1985), "... the 'contemporaneous exchange exception' in 11 U.S.C. § 547(c)(1) may not be used to prevent the avoidance of a purchase money security interest perfected beyond the 10–day period permitted in § 547(c)(3)." At 794. The court there observed that § 547(c)(1) was intended to protect purchases by check from avoidance, and that allowing it to be applied more broadly would "... render[ ] § 547(c)(3) a vestigial appendage to the statute." *Ibid.* A similar holding is found in *In re Holder,* 892 F.2d 29 (4th Cir.1989), and most recently in *In re Locklin,* 101 F.3d 435 (5th Cir.1996).

As concerns 11 U.S.C. § 547(c)(3), the Bank contends that the 20–day "relation back" period found there prevails. It is the plaintiff's position that the 10–day "relation back" period set out in KRS 186A.195(5) should govern in this instance. It should be pointed out that the "relation back" period for the general purposes of the statute is 10 days, as set out in § 547(e). The 20–day period in § 547(c)(3) applies only where the defense asserted to the alleged preference is that the transaction was an enabling loan. In any event, the Bank's position appears to represent the majority position and, this Court believes, the proper interpretation of this section. Even the case cited by the plaintiff for its explanation of the federal-state law conflict, *In re Beasley,* 183 B.R. 857 (Bkrtcy.W.D.Mo.1995), holds that the federal "relation back" provision governs.

In *Beasley,* the court held that state-law relation back periods are inapplicable when deciding whether a preferential transfer has occurred. The court drew extensively from the opinion in *In re Loken,* 175 B.R. 56 (9th Cir. BAP 1994), in making this determination. The *Loken* court observed that the 10–day period set out in § 547(e)(2) is consistent with the grace period found in the Uniform Commercial Code, and that individual state grace periods were never intended to be relevant under § 547. The court reasoned:

We also take note of Congress's enactment of the Bankruptcy Reform Act of 1994, .... The Reform Act now allows a creditor twenty days to perfect its purchase money security interest while still qualifying for the enabling loan exception found in Section 547(c)(3). By this change, Congress acknowledged that states were enacting grace periods greater than ten days for such security interests. Congress could have deferred completely to the states by incorporating each state's own timing into the Code. Instead, it chose to continue having the Code dictate the applicable grace period. Furthermore, Congress did not amend Section 547(e)(1), which provides the definition for 'perfection' as used in Section 547.

At page 63. Other cases holding that federal law prevails in determining time of perfection include *In re Holder*, 94 B.R. 395 (Bkrtcy. M.D.N.C.1988), *In re Walker*, 161 B.R. 484 (Bkrtcy.D.Idaho 1993), and *In re Ross*, 193 B.R. 902 (Bkrtcy.W.D.Mo.1996).

In consideration of the foregoing, it is the opinion of this Court that PNC Bank should prevail upon its defense that its lien on the debtors' vehicle is not avoidable by the plaintiff under 11 U.S.C. § 547(b). An order in conformity with this opinion will be entered separately.